## Joseph Widner vs. David Wood.

In a justice's court, a notice of appeal, and an accompanying affidavit as required by law, in *both* which the cause was entitled J. W. against *William* W., were not sufficient to constitute an appeal from the judgment in an action by J. W. against *David* W.

Dixon, C. J. dissented.

APPEAL from the Circuit Court for *Dane* County.

Judgment was rendered in this action in a justice's court in favor of the defendant. The plaintiff served a notice of appeal and an affidavit of merits, &c., in a cause entitled Joseph Widner v. *William* Wood. After these papers were filed in the circuit court, defendant's attorney served a notice of trial, accepted a notice of retainer, and filed a note of issue in the cause of Joseph Widner v. *David* Wood. When the cause was called for trial, the court being of the opinion that the cause had not been brought up by the appeal papers, plaintiff

moved for leave to procure the notice, affidavit and return of the justice to be amended; but the court denied the motion and dismissed the suit; and the plaintiff appealed.

*Edson Kellogg*, for appellant:

1. There being no such suit as that of Joseph Widner against *William* Wood in existence, and the papers being designed to effect an appeal in the proper suit, and having been properly served, and the justice having acted upon the same and made his return properly, the mistake in entitling the cause should be disregarded. All irregularities in the appeal papers were waived by the defendant by his general appearance in the suit after the papers were filed in the circuit court. 1 Monell's Pr., 143; 15 How. Pr. R., 92; 11 id., 138; 9 id., 447; 4 Wis., 275; 7 Cow., 366.

*N. S. Murphy*, for respondent:

The law requiring proper appeal papers to be filed "within twenty days after judgment rendered," the defect was not amendable. *Clark v. Bowers*, 2 Wis., 123; *Brearley v. Warren*, 3 id., 397; *Lawler v. Fitz Patrick*, id., 573; *Varney v. Caswell*, id., 744; *Brown v. Pratt*, 4 Chand., 32. An appeal from a justice's judgment is strictly a statutory right, and can only be exercised as given by statute. *Mitchell v. Kennedy*, 1 Wis., 511. 2. The service of a notice of trial by the defendant was not a waiver of the defect. Consent cannot confer jurisdiction. Advantage might be taken of the defect even after judgment. *Latham v. Edgerton*, 9 Cow., 227; *Dykeman v. Budd*, 3 Wis., 640; *Verbeck v. Verbeck*, 6 id., 159.

*By the Court*, COLE, J. The majority of the court think the order in this case must be affirmed. The suit was commenced and tried in a justice's court, and resulted in a judgment for the defendant. The plaintiff attempted to take an appeal by serving a notice of appeal, together with an affidavit that the appeal was made in good faith and not for the purpose of delay, in a cause entitled Joseph Widner v. *William*

Wood. And the question is, can an appeal be sustained where there is a mistake in naming the parties to the suit both in the affidavit and notice of appeal?

The statute gives a party an appeal, providing he, or some person authorized by him, within twenty days after judgment rendered, makes and presents to the justice before whom the action was tried, a notice of appeal, together with an affidavit that the appeal is made in good faith and not for the purpose of delay. Sec. 205, ch. 120. These steps are necessary and essential in order to perfect an appeal. They have not been taken in this case, unless it is held that an affidavit and notice of appeal in a cause entitled Joseph Widner v. *William* Wood are proceedings in this cause. It would seem to be going to an unwarranted extent to declare such a doctrine. It is true our statute provides that it shall not be necessary to entitle an affidavit in the action, but an affidavit made without a title, or with a defective title, shall be as valid and effectual for every purpose as if it were duly entitled, if it intelligibly refer to the action or proceeding in which it is made. Sec. 33, chap. 140, R. S. I hardly think this liberal statute helps out the present case. For can it be said that an affidavit and notice of appeal in a cause between Joseph Widner and *William* Wood intelligibly refer to one between the same plaintiff and *David* Wood? In *Hill v. Miles*, 13 Wis., 626, where this court had occasion to consider the effect of a slight inaccuracy in a notice of an appeal, Mr. Justice PAINE said: " And perhaps it should be held, after rejecting any inaccuracies of description, that the notice should still contain enough on its face to be applicable to the judgment appealed from." The appeal papers in this cause are applicable solely to a judgment between other parties. In *Clickman v. Clickman*, 1 Comstock, 611, where motion papers were entitled in the wrong court, they were held bad, notwithstanding a provision of the New York Code like sec. 33, chap. 140. In *Bowman v. Sheldon*, 5 Sandf. (S. C.), 657, where an affidavit was entitled in

Pelt, Sr., vs. Pelt, Jr.

the wrong court, DUER, J., criticises somewhat some remarks made by Judge BRONSON in *Clickman v. Clickman.* He says: "I cannot regard the observations of BRONSON, J., in *Clickman v. Clickman* as a positive decision of the court of appeals; for in that case the error in the name of the court was in the notice as well as in the affidavit, and it was truly said that such an error is not helped by the code. Here, the notice is correct, and by its accuracy demonstrates and corrects the mistake in the affidavit to which it refers."

In the present case, however, the error is in both the notice and affidavit, and it is incurable.

The order dismissing the appeal is therefore affirmed.

DIXON, C. J., dissented, on the ground that enough appeared on the face of the affidavit and notice of appeal to show the cause appealed from, and that where this is the case, the action should not be dismissed by the appellate court.