JOHN J. WEBER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued September 28, 1876; decided October 6, 1876.)

THIS action was brought to recover damages for injuries sustained by a collision with a train on defendant's road, at a street crossing in Buffalo. The case upon a former appeal is reported in 58 New York, 451. *Held,* as there, that, under the circumstances, the fact that a bell was rung and a light was carried on the top of the rear end of the train was not sufficient to acquit the defendant of the charge of negligence.

Some witnesses who were in a position to have seen or heard the bell ringing testified that they did not hear it ring; others testified that it did ring. The court stated, in its charge to the jury, that it had no doubt that the signals were given as testified to; but when asked to charge that it was their duty to find that the bell was rung refused to charge otherwise than it had done. *Held,* no error. (*Salter* v. *U. and B. R. R. R. Co.,* 59 N. Y., 631; *Hackford* v. *N. Y. C. and H. R. R Co.,* 53 id., 654.)

Plaintiff's testimony was to the effect that on approaching the crossing he stopped and listened; that he heard no bell or whistle or rumble of a train in motion or any thing threaten-

ing and then went on. The court, after giving to the jury the law as laid down on the former appeal, asked them the following questions: Are you satisfied that when the plaintiff's horses reached the fourth track where the accident happened he could have seen the approaching train, and ought he to have looked? Was it negligence in him not to have looked? And could he have stopped in time to have avoided injury? The defendant's counsel thereafter requested the court to charge that if plaintiff could have, by the ordinary use of his faculties, ascertained the approach of a train before he reached the fourth track, and in time to have avoided it, his omission to do so was negligence. The court declined to charge further than it had already. *Held*, no error; that an omission to look, at the point named, under the circumstances, would not have been, as matter of law, negligence.

*James M. Willett* for the appellant.

*George Wadsworth* for the respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.