## G. D. CUNNINGHAM v. LYMAN C. MARTIN.

EXCHANGE OF PROPERTY—*Right of Possession—Evidence.* Where M., the owner of a tract of land, and C., the owner of a horse, exchange the one for the other, M. executing to C. a warranty deed for the land, and C. executing to M. an absolute bill of sale for the horse, giving to M., in terms, the right to the immediate possession of the horse, *held*, that M. at once becomes the owner of the horse and entitled to the immediate possession thereof; and where M. afterward obtains the possession of the horse, and C. then commences an action of replevin therefor, *held*, that in such action C. cannot show by parol testimony that the contract was that C. was to retain the possession of the horse until M. should furnish to C. an abstract of title for the land.

### *Error from Allen District Court.*

REPLEVIN. Judgment for defendant, *Martin,* at the March term, 1888. The plaintiff, *Cunningham,* comes to this court. The facts are stated in the opinion.

*Knight & Foust,* for plaintiff in error..

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought in the district court of Allen county by G. D. Cunningham against Lyman C. Martin, for the recovery of a certain stallion known by the name of "Hercules." A trial was commenced before the court and a jury, and at the close of the plaintiff's evidence the defendant demurred thereto upon the ground that it did not prove any cause of action, and the court sustained the demurrer and rendered judgment in favor of the defendant and against the plaintiff; and to reverse this judgment, the plaintiff, as plaintiff in error, brings the case to this court.

It appears from the evidence that on June 20, 1887, the plaintiff, Cunningham, owned the horse in controversy, and the defendant, Martin, owned a certain tract of land consisting of 80 acres, in Chautauqua county, subject, however, to a certain $300 mortgage and the taxes for that year. They

entered into a contract for the exchange of the horse and the land, the one for the other, and for this purpose Martin executed a general warranty deed to Cunningham for the land, except as to said mortgage and taxes; and Cunningham executed to Martin a bill of sale for the horse; and each of these instruments was duly delivered. Afterward Martin sent a written order by a young Mr. Conner requesting Cunningham to deliver the horse to Conner, the bearer of the order, which Cunningham refused to do; and Martin then went to Cunningham's premises and took the horse, Cunningham being absent at the time, but some of his family being present. Cunningham then commenced this action of replevin against Martin to recover the horse. The aforesaid bill of sale and written order read as follows:

"BILL OF SALE.
"HUMBOLDT, KAS., June 20, 1887.
"For value received, I have this day sold my bay stallion, 'Hercules,' to L. C. Martin, and received payment in full, and agreed to keep said horse free of cost for the said Martin until September 1st, or deliver him at any time he or any one may call for him with an order from the said Martin.
G. D. CUNNINGHAM."

"ORDER.
"CHERRYVALE, KAS., July 20, '87.
"Mr. Cunningham: You will please let bearer have the horse 'Hercules,' on this order, and oblige,
L. C. MARTIN."

On the trial, Cunningham testified in substance that, under the contract entered into between himself and Martin, he (Cunningham) was to retain the possession of the horse until Martin should furnish to him a certain abstract of title, which Martin had never done. Martin claimed otherwise, however, and that he never agreed to let Cunningham retain the possession of the horse, except as stated in the bill of sale, and he relied for his proof as to this upon the facts of the case as developed by the plaintiff's evidence and the written instruments, and the court below, upon the demurrer to the

plaintiff's evidence, decided in favor of Martin, and against Cunningham.

It would seem to us that the decision of the court below is correct. The deed for the land was a general warranty deed, except as above stated, and was executed and delivered, thereby transferring immediately and absolutely all Martin's interest in the land to Cunningham; and the bill of sale was also of such a character as to transfer at once and absolutely all of Cunningham's title and right of possession in and to the horse to Martin, and to authorize Martin to take the possession of the horse at any time when he might choose to do so, and this bill of sale was delivered at once to Martin. We think the facts of the case, including the bill of sale, prove conclusively that the title to the horse in question, and the right to the possession thereof, had been transferred absolutely to Martin, and that Martin was entitled to his possession when this action was commenced, and, therefore, we think the decision of the court below was and is correct.

The judgment of the court below will be affirmed.

All the Justices concurring.