## J. G. SCHNEIDER, Appellant, v. ARTHUR KIRKPATRICK, Respondent.

### Kansas City Court of Appeals, April 24, 1899.

1. **Pledges:** SATISFACTION OF JUDGMENT: RELEASE OF PLEDGE. A compromise and settlement between a judgment creditor and debtor is considered and held to not release a pledge of certain corporate stocks held by the creditor as collateral security for the payment of the judgment, and that the creditor's right prevails over an execution purchaser of said stock.

2. **Contracts:** BINDING NON PARTY: BASIS OF CLAIM: PAROL EVIDENCE. One who bases his claim upon a contract between others to which he is not a party, is bound by the terms of such contract and may not vary the terms thereof by parol evidence.

*Appeal from the Buchanan Circuit Court.*—HON. C. F. STROP, Judge.

AFFIRMED.

HENRY M. RAMEY and JAMES W. BOYD for appellant.

(1) The evidence conclusively shows that appellant on March 4, 1895, became the owner of the stock sued for, subject only to a claim the respondent then held thereto as collateral security. The evidence tends to show that Smith was released and discharged from said debt about January, 1896, long before this suit was instituted. If he was so released, appellant is entitled to recover. Then the court committed error in ordering the jury to find for respondent. Higgins v. Railroad, 43 Mo. App. 547; Voegeli v. Pickel, etc., Co., 56 Mo. App. 678; Franke v. St. Louis, 110 Mo. 516; Patton v. Bragg, 113 Mo. 595; Alcorn v. Railroad, 108 Mo. 81; Buck v. Railway, 108 Mo. 179. Authorities on this point are not necessary. (2) When the bank took said stock

as a pledge to secure said debt, the contract between it and Smith was that the bank might hold said stock until said debt was paid or discharged or settled, or until Smith was released from liability therefor. (3) But if the defendant's evidence confirms plaintiff's *prima facie* case, and shows that plaintiff is entitled to recover, then the court should direct a verdict for the plaintiff. Wolff v. Campbell, 110 Mo. 114. Under the law and evidence, it was the duty of the court to order a verdict for plaintiff. The defense proves plaintiff's right to recover. (4) The evidence of the defense establishes plaintiff's demand: (a) It shows that on or about January, 1896, said Smith was released from liability on said judgment. (b) The new contract then entered into by and between him and respondent, did by force of law, either supersede, rescind or modify the contract, by which said stock was prior to that time held as collateral. (c) The modification or alteration of the terms of a contract makes a new contract, and rescinds the old contract. Bishop on Contracts, sec. 764, 768; Clark on Contracts, p. 610. (5) This document is not admissible in evidence against the appellant, as he was not a party to it. Cordes v. Straszer, 8 Mo. App. 61. As to him it is hearsay testimony.

HALL & WOODSON and THOMAS F. RYAN for respondent.

* · (1) The pledge could be discharged only by the payment of the debt. · (2) The personal liability of the pledgor can be released and the lien of the pledge be continued in force. 15 Am. and Eng. Ency. of Law, 877; Wells v. Baird, 91 Ind. 729; Hayden v. Smith, 12 Metc. 511; Donnelly v. Surinton, 13 Minn. 301; 2 Jones on Mort., sec. 983; Colby v. Place, 11 Neb. 348; Johnson v. Bratton, 70 N. W. Rep. 1021; Baldwin v. Norton, 2 Conn. 61; Bartlett v. Eddy, 49 Mo. App. 32. (3) The agreement expressly kept the pledge alive. (4) Plaintiff can not complain of the agreement because he was not harmed thereby. (5) The judgment was

not satisfied in full. (6) Plaintiff is bound by agreement because he asserts a right based upon it. (7) Written agreement was competent evidence against plaintiff. Springham v. Rosenfeld, 24 N. Y. Supp. 733, 736, citing Browne, Par. En. p. 40, sec. 28, subd. 15; Hankinson v. Riker, 30 N. Y. Supp. 1040, 1042; Davis v. Scovern, 130 Mo. 320, 321; Libby v. Mt. Monadnock, etc., Co., 32 Atl. Rep. 772; Sayre v. Burdick, 50 N. W. Rep. 245.

GILL, J.—The subject-matter of this controversy is a block of thirty shares of stock in the St. Joseph Pump Company. I shall attempt to state the case as briefly as the material facts will allow; and to that end, will omit such as have no bearing on the case as we decide it.

The suit is for conversion, plaintiff alleging that in January, 1896, he was owner of the pump stock, and that at that time defendant converted same to his own use, which said stock was then according to the admission STATEMENT. of the parties, of the value of $1,400. The facts material to the case, and which are practically undisputed, are as follows: Defendant is, and was at the dates hereinafter mentioned, the statutory assignee of the Commercial Bank of St. Joseph. The pump stock originally belonged to one J. Francis Smith, and it is conceded that before the bank's failure Smith turned over the same to the bank as collateral security for a judgment debt of about $16,000 said bank held against him. The defendant, as assignee of the bank, came into possession of the stock while held in that shape.

Shortly thereafter (March, 1895), plaintiff—also a judgment creditor of Smith, the original owner of the stock— caused the sheriff to make sale on execution of Smith's interest, or equity of redemption, in the stock, and he (the plaintiff) became the purchaser. At this point then, it will be seen, the condition of the stock was this: Defendant held it in pledge or security for Smith's indebtedness of $16,000

to the bank while plaintiff claimed Smith's right of redemption. During the year 1895, and after plaintiff's purchase at execution sale, he brought suit against the Commercial Bank and defendant, the assignee, for the recovery of the stock. About the same time the defendant here (the bank's assignee) sued out an execution against Smith and caused certain of his relatives to be garnished.

While now these garnishments were pending, and while also the suit just above mentioned of Schneider v. Commercial Bank and Kirkpatrick was pending, a compromise was negotiated between Kirkpatrick (the bank's assignee) on the one side and Smith and his garnished relatives on the other. The negotiations were begun in September, 1895, and culminated (January, 1896), in an agreement for the settlement of Smith's indebtedness and the garnishment proceedings against his relatives. This agreement was evidenced by a writing signed by the parties, and was, of course, made subject to the approval of the circuit court having in charge the assigned estate of the Commercial Bank. Thereupon the assignee reported the proposed compromise to the circuit court, which, in due season, made an order directing the assignee to carry out the proposed settlement. The order was to the effect that the assignee compromise and settle the judgment of $16,479.27 against Smith and the garnishments aforesaid, by taking from said Smith three notes, due at future dates, and aggregating $5,555, all to be secured by the name or names of said relatives, and by the further security of a deed of trust on certain real estate in value double the amount of the notes; that the garnishment proceedings be thereupon dismissed, "and said judgment (against Smith for $16,479.27) is to be entered of record, satisfied as to all the interest now due thereon, and as to all the principal thereof, except $2,000, and as to said portion of said principal, to wit, $2,000, there is to be a release of the lien thereof, entered of record as against any and all real estate which the said J. Francis Smith

now owns, or may hereafter own, or be interested in, and so soon as said assignee shall have exhausted all his claims and demands against thirty shares of stock of the St. Joseph Pump Company, now in litigation in said court, between said assignee and one George Schneider, and shall have applied all the proceeds which he may realize from said stock toward the payment of the balance of said judgment; if any portion thereof still remains unpaid, the same is to be entered satisfied in full of record, without any further payment thereon, and without reference to the result of such litigation, and without regard to whether said assignee shall have realized anything from said stock or not. And the said Smith at the time of executing said notes is to assign and transfer to said assignee whatever right, title and interest, if any, he now has in said stock."

This compromise and settlement was carried out according to the court's order, the notes aggregating $5,555 were given and secured as provided, the garnishment proceedings were dismissed, and the large judgment of record against Smith satisfied, saving however therefrom $2,000 of the latter to support the pledge of the pump stock.

It may be well to state further, that the suit before mentioned, brought by Schneider against the Commercial Bank and Kirkpatrick, resulted in a judgment for defendants, and that this judgment was never set aside or reversed. Subsequent to this the present action was instituted, and defendant has claimed here that the last named judgment is *res adjudicata*. Under our views of the case, however, on what may be termed the merits, we pass over this defense, and concede, as found and declared by the lower court, that the judgment mentioned is not a bar to this action.

At the close of the entire evidence the trial court sustained a demurrer thereto. Whereupon plaintiff suffered a nonsuit and has appealed from an order of the court refusing to set the same aside.

I.   The case concedes that the Commercial Bank held the pump stock as a pledge from Smith to secure the payment of the $16,000 the latter owed the former.   It is also conceded that defendant Kirkpatrick, the bank's assignee, took said stock subject to the pledge, and on the same terms as it was held by his assignor.   It is also admitted that by purchase under the execution sale plaintiff Schneider acquired whatever rights Smith then had to the property after the contract of pledge was carried out or discharged.   In other words, defendant occupied the same relation to the stock the bank did, while plaintiff took the place of the debtor Smith.   It must be conceded also, that if the defendant, as the representative of the bank, took the secured notes amounting to about $5,500 alone as a full and complete satisfaction and payment of the $16,000 judgment held against Smith, then the pledge of the stock must be considered as released, and it would, in that event, revert to the pledgor Smith or to plaintiff his successor in right.   And this is just what plaintiff contends for.   His counsel insist that, according to the terms of the compromise or settlement between the bank's assignee on the one side and Smith and the garnishees on the other, the entire claim against said Smith, for the security of which the stock was pledged, was at once completely paid off and discharged, and therefore the property in the pledge reverted to and became vested in the plaintiff.

The error of plaintiff's counsel consists in assuming a false premise.   The compromise of January, 1896, between defendant and Smith, did not operate to entirely extinguish the debt for which the stock was pledged.   The written agreement of that date upon which the compromise was effected, as well as the order of the court directing the assignee upon what terms he should settle, all conclusively show that only $14,000 of the $16,000 demand was then acknowledged as satisfied and the remaining $2,000 of the judgment was

PLEDGES: satisfaction of judgment: release of pledge.

retained and kept alive to support the pledge of the stock.    It is true that by the settlement then agreed to, the defendant assignee waived and abandoned any lien against Smith's real estate for the balance of the judgment, and promised as well' not to hold Smith for anything on account of said balance beyond the amount realized out of the stock.    But yet the written contract clearly discloses a manifest intention that the assignee should retain $2,000 of the judgment debt, and that this was to continue in force, as a valid claim, until said assignee had time and had collected or realized all .that he could out of. the pledged stock.    It was then, and not till then, that the assignee was to acknowledge satisfaction of the balance due on the judgment.    It matters not that the assignee agreed to waive a lien on any real estate that Smith might own.    By so doing he was at most giving up only one of two securities held for the debt, if indeed Smith had any real estate, which does not appear.    Nor does it concern this plaintiff if the assignee, settling the Smith judgment under the court's order, saw proper to abandon all that part of the $2,000 left unpaid after realizing on the pump stock.    I know of no reason why a contract of that nature should not be upheld.    It contravened no public policy, nor did it in any way wrong or defraud the plaintiff in this suit.

At the trial plaintiff sought to avoid the written terms of the settlement between the defendant assignee and Smith, by attempting to prove by the parol evidence of parties who negotiated the same that the written contract did not correctly state the terms of compromise, that in fact the pump stock was not included in the settlement.    It is hardly worth while to notice this feature of the trial, since the court permitted the evidence to go in, and it shows, without any substantial contradiction, that the settlement or compromise was in exact conformity with the written agreement signed by the parties and that the assignee declined to accept the secured notes for

CONTRACTS: binding non party: basis of claim: parol evidence.

the gross sum of $5,500 in satisfaction of the $16,000 judgment, unless he was also allowed what might be gotten out of the pump stock. But more than this, the plaintiff, under the circumstances of the case, is bound by the terms of the written contract executed by the assignee and Smith, though not, in the strict sense of the term, a party thereto. Said contract is the basis of the plaintiff's claim; it is upon that compromise agreement that plaintiff relies for his title to the stock; he claims under Smith one of the parties thereto. Hence it may be stated here, as was in effect said in Sayre v. Burdick, 47 Minn. 367: The case does not come within the decisions which hold that strangers to a written contract, coming collaterally in question, are not bound by the rule that parol evidence is inadmissible to vary its terms. * * * The plaintiff is not a stranger within those decisions. He is seeking to enforce what he alleges was the contract between Smith and the defendant. He comes in under Smith. It would be strange if he could prove and enforce promises made to Smith which Smith himself could not prove or enforce. The position of one for whose benefit a promise is made can not be better than that of the one who procures it to be made and to whom it is made.

On the undisputed facts the judgment is for the right party and will be affirmed. All concur.