129   119
130   417

129   119
136   157

129   119
f141   511

L. T. Henderson, Appellant, v. Calhoun County.

**Drainage:** AWARD OF DAMAGES: APPEAL. An appeal from an award of damages in a proceeding to establish a drainage ditch need not be taken within twenty days from the filing of the award, but is in time if taken within twenty days from the final action of the supervisors establishing the ditch.

**Appeal:** SERVICE OF NOTICE. A notice of appeal from an award of damages in a proceeding to establish a drainage ditch must be served on the four persons first named in the petition as provided by Code, section 1513, relating to the establishment of roads.

*Appeal from Calhoun District Court.*— Hon. Z. A. Church, Judge.

Tuesday, December 12, 1905.

The opinion states the case.— *Affirmed.*

*A. N. Botsford* and *J. F. Lavender,* for appellant.

*M.. E. Hutchison,* for appellee.

Sherwin, C. J.— The controversy in this case arises over proceedings for the establishment of a ditch under title 10, chapter 2, of the Code of 1897. The appellant is the owner of land through which the ditch passes, and in due time and in proper manner made a claim for damages, whereupon appraisers were appointed by the county auditor, as provided by section 1941 of the Code, and they assessed the plaintiff's damages and filed their award on the 9th day of May, 1903. On the 4th day of June the board of supervisors established the ditch without changing the award, and on the 18th day of the same month the plaintiff served notice of an appeal from the award on the county auditor alone. A motion to dismiss the appeal, because it was not

taken in time and because the notice was not served on the proper persons, was sustained by the district court, and the plaintiff appeals.

· Two questions are presented for determination.: First, should the appeal have been taken within twenty days after the filing of the award on the 9th of May? And, second, should the notice of appeal have been served on the four persons first named in the petition for the ditch? Section 1947 of the Code provides for an appeal to the district court " from the amount of damages allowed in the same manner appeal may be taken in the location of roads and within the same time." Section 1513 provides for an appeal in road cases, and declares that it must be taken within twenty days after the final decision of the board of supervisors, and, further, · " if the road has been established on condition that the petitioners therefor pay the damages," the notice of appeal " shall be served on the four persons first named in the petition." It will be noticed that an appeal under section 1513 is from the final decision of the board. In proceedings for the establishment of a road, the damages are assessed in the first instance by appraisers; but, the statute also provides that the finding may be reviewed by the board, and the damages be increased or diminished.

1. DRAINAGE: award of damages: appeal.

Section 1947 permits an appeal " from the amount of damages allowed," and the appellee contends that, as the board of supervisors had no power to change the award, it became in fact final when the report was filed, and that an appeal therefrom should have been taken within twenty days. It may be conceded that the argument is not without force, and yet we do·not believe that the Legislature intended to require an appeal upon the filing of the appraisers' report. The establishment of· the ditch was discretionary with··the board after a hearing, and under the provisions of section 1941 it could not be established or located until after the claims for damages had been disposed of by an assessment,

and by either payment or security therefor, as provided in the section.   The statute under consideration does not fix any time for the report of the appraisers, or provide any notice to claimants of the filing of such report; and, if the appellee's contention be correct, the claimants would be required to keep constant watch over the auditor's office, to protect their right of appeal, while, if the appeal may be taken after the final action of the board establishing the ditch, the time is definitely fixed by the law.   The road statute is definite, and its purpose is clear to require no appeal until it shall become necessary on account of the final disposition of the matter.   The same reason exists in this case.   No claimant for damages could tell in advance of the establishment of the ditch, whether he would want to appeal from the award of damages; but under appellee's theory he would be compelled to appeal, and possibly to try his case, before final action of the board.   The law does not require the doing of useless things, and we feel sure that the Legislature did not intend to require an appeal in these cases upon the filing of the report of the appraisers.

Was a notice of appeal to the four persons first named in the petition necessary?   If it was, the appeal was properly dismissed, notwithstanding our conclusion that it was served on the auditor in time.   It will be observed that 2. APPEAL: service of notice. notice to the petitioners in road cases is necessary when the road is established or altered on condition that the petitioners therefor pay the damages. This notice is required, so that the petitioners as a body may have an opportunity to appear and protect themselves against an unjust or excessive award of damages.   Under the provisions of the Code a petition for a ditch was necessary to give the board jurisdiction. Section 1940.   When the claims for damages were filed, and the assessment thereof was made, they were to be paid or secured in the first instance by the parties benefited by the improvement.   Section 1941.   As this payment or security was required before final

action of the board, it is fair to presume that it was contemplated by the act that it would be paid or secured by those who had petitioned for the improvement. If this were all, however, it might be doubtful whether an interest existed which would require a notice of appeal as in road cases. But it is not, for section 1946 provided for an apportionment of the entire cost and damages for the improvement, and an assessment thereof among the owners of the land benefited thereby. True, this assessment was levied on the lands and collected as other taxes are, and was disbursed by the county treasurer. But the petitioners, and the other owners whose lands were benefited, paid every cent of the cost, expense, and damages, just as the petitioners do in road cases, where the road is established on conditions. Being compelled by the statute itself to contribute to the expense of establishing the ditch, the petitioners therefor were deeply interested in the question of damages, and were entitled to the notice provided for in section 1513.

As no notice was given to them as provided therein, the appeal was rightly dismissed; and the judgment is *affirmed.*