IN THE MATTER OF THE APPLICATION OF W. A. DUGAN, *et al.,* FOR THE ESTABLISHMENT OF A HIGHWAY; BRIDGET LYNCH, Appellant, v. W. A. DUGAN, *et al.*

Highways: ESTABLISHMENT: NOTICE OF APPEAL. An appeal will lie from an award of damages but not from an order establishing a highway, and where the notice as a whole fairly indicates that the appeal is taken from the award, it will be sufficient, although it does not specifically so state.

*Appeal from Cedar District Court.*— HON. J. H. PRESTON, Judge.

Tuesday, January 9, 1906.

Proceedings to establish a highway. The appellant appealed from an award of damages, and her appeal was dismissed by the district court. She appeals.— *Reversed.*

*W. H. Smith* and *Chas. W. Kepler,* for appellant.

*Wright, Leech & Wright,* for appellees.

Sherwin, J. W. A. Dugan and others petitioned for the establishment of a highway, and the appellant filed a claim for damages and asked that commissioners be appointed to assess the same. Commissioners were thereupon appointed, who assessed the amount of her damages, and the road was afterwards established on condition that the petitioners therefor pay the damages and costs.

In due time the appellant served a notice of appeal on the county auditor, in which she stated that she appealed from the order establishing the road, and another notice on the four persons first named in the petition for the road, in which she stated that she appealed " in the matter of the application," etc., and continued, " and, . . . unless you appear thereto and defend, . . . default will be entered against you and judgment rendered thereon in accordance with the prayer of the plaintiff's application." Dugan moved to dismiss the appeal because it purported to be an appeal from the order establishing the highway, and the motion was sustained.

If the appellees' contention that the notice served on the petitioners was an appeal from the order establishing the highway and not an appeal from the award of damages, the ruling of the district court is right beyond question, for an appeal does not lie from such an order. *Pollard v. Dickinson County,* 71 Iowa, 438. Notwithstanding the carelessness apparent in the notice, we think it may fairly be con-

strued to be an appeal from the award of damages, rather than from the order establishing the road, and that it was sufficient notice to that effect. In the first place, an appeal can only be taken from the award of damages; and, in the second place, a notice to the petitioners is not necessary unless the road has been established or altered on condition that they pay the damages arising therefrom; and, if the notice as a whole fairly indicated that the appeal was from the award, it is sufficiently specific. *Searles v. Lux,* 86 Iowa, 61; *Kennedy v. Rosier,* 71 Iowa, 671; *Geyer v. Douglass,* 85 Iowa, 93. A notice of appeal will be liberally construed, and, if it is sufficiently definite for a reasonably certain identification of the judgment, order or decision appealed from, it is good. 2 Enc. Pldg. & Prac. 216, 217, and cases cited.

While the notice in this case did not specifically say that the appeal was from the award of damages, it did say that a judgment would be asked in accordance with the prayer of the plaintiff's application. She had no application before the board, other than her written claim for much larger damages than were awarded to her; and we are constrained to hold that this reference to such claim, considered in connection with the rest of the notice, sufficiently advised the appellees of her appeal from the damages assessed in her favor.

The appellees claim that the case is not docketed in this court as it was in the court below; but, as no prejudice appears from the change, if any there is, and as there is no doubt as to the identity of the case and the issue involved, we give the point no further consideration.

In the preparation of their brief counsel for appellant did not comply with rule 54 of this court, and complaint is made because thereof. The rule was published over two years ago, and no reasonable excuse can be offered for not observing it; but in this particular instance the entire brief and argument covers less than four pages of the book, and the lack

of order does not impose any special burden on the counsel or on the court.

The judgment is *reversed.*