## HAAG v. BURNS.

Rev. Justices' Code, § 99, provides that an appeal from a justice's court to the circuit court is taken by serving and filing in the manner designated a notice of appeal which must state whether the appeal is taken from the whole or a part of the judgment; and, if from a part, what part, and whether the appeal is taken on questions of law or fact, or both. Section 101 provides that, when the appeal is taken on both questions of law and fact and. a new trial in the appellate court is demanded in the notice, the action must be tried anew in that court. A notice of appeal was as follows: "Please take notice that the plaintiff in the above-entitled action appealed from the whole of the judgment entered therein * * * for fourteen dollars and sixty cents ($14.60) costs to the circuit court * * * upon questions of both law and fact therein, and demanded a new trial in said court." **Held,** that the notice was sufficient to give the circuit court jurisdiction to try the case de novo; the mere clerical error in the use of the past tense, instead of the present tense, being insufficient to defeat the intent of the statute, which being remedial should be liberally construed to effect its object.

A docket of a justice that "I hereby order and decree judgment in favor of the defendant and against the plaintiff for a dismissal of the action, and hereby render judgment against the plaintiff for costs of this action * * *" shows the rendition of but one judgment, which includes the costs allowed by law to the prevailing party.

But one judgment can be rendered in a justice court case in which Rev. Justices' Code, §§ 79, 93, expressly require the justice to specify, tax, and include the costs allowed by law to the prevailing party.

Much less technicality is required in judgments of justices of the peace than is exacted in respect to judgments of courts of record, and a justice's judgment and the notice of appeal therefrom must be tested by substance rather than by form.

A written contract entered into upon the dissolution of a partnership, providing that the remaining partner should pay the debts of the firm and no others, cannot be disputed or augmented in favor of the retiring partner by proof of a contemporaneous oral agreement of the remaining partner to pay the retiring partner's individual debts, and a third person, who claims under the oral agreement as the retiring partner's creditors, does not stand in the position of a stranger, but occupies the same position as the partner

through whom he claims, and he is equally concluded by the terms of the written contract.

In an action on a debt due a firm by a partner who had purchased the accounts and assumed the obligations of the firm by a written contract of dissolution, defendant claimed to offset the retiring partner's individual debt to him against his debt to the firm, under an alleged oral agreement between the partners at the time of the written contract by which the plaintiff assumed the retiring partner's individual debts. **Held** that, since both claimed immunity under the contract of dissolution, neither could go behind the clear language of the written instrument unless both could do so.

In the absence of fraud practiced upon an illiterate person or one in a fiduciary relation without capacity or opportunity to read, it must be conclusively presumed that a person advisedly acquiesced in a written instrument containing his signature; and he is estopped from orally disputing its terms.

Proof of actionable fraud in the execution of an agreement being inadmissible under an answer alleging no specific fraudulent act upon which any one relied, permission to file an amended answer merely alleging fraud in the execution of an agreement was properly refused.

(Opinion filed, February 5, 1908.)

Appeal from Circuit Court, Brookings County. Hon GEORGE H. MARQUIS, Judge.

Action by Lewis Haag against J. C. Burns. Judgment for plaintiff, and defendant appeals. Affirmed.

*Hall, Lawrence & Roddle*, for appellant. *Horner & Stewart and Robert A. Storm*, for respondent.

FULLER J. That the circuit court in which this action to recover $14.25 was tried de novo on appeal from a justice of the peace was without jurisdiction, for the reason that plaintiff's notice of appeal was fatally defective, is the first proposition presented and relied upon as ground for reversing a judgment in favor of plaintiff and the order denying defendant's motion for a new trial. The justice court judgment recites that, "after hearing the argument and considering the testimony, I hereby order and decree judgment in favor of the defendant and against the plaintiff for a dismissal of the action, and hereby render judgment against. the plaintiff for costs in this action; the same being in the sum of $14.60." Omitting the name of the court, parties, and venue, the notice of appeal made the basis of an unsuccessful motion in circuit court to dismiss the appeal reads as follows: "Please take notice that the plaintiff in the above entitled action appealed from the whole of the judgment entered therein on the 6th day of December, 1905,

in favor of the defendant and against the plaintiff, for fourteen dollars and sixty cents ($14.60) costs, to the circuit court in and for Brookings county, South Dakota, upon questions of both law and fact therein, and demanded a new trial in said court."

Without giving a form for the guidance of a party to an action desiring to appeal, section 99 of the Revised Justices' Code provides that the appeal is taken by serving and filing in the manner designated, a notice of appeal "which must state whether the appeal is taken from the whole or a part of the judgment; and if from a part, what part, and whether the appeal is taken on questions of law or fact, or both." Section 101 of the act is to the effect that, when the appeal is taken on both questions of law and fact and a new trial in the appllate court is demanded in the notice, the action must be tried anew in that court. In support of the motion to dismiss for the reason that the circuit court was without jurisdiction, it is urged the use of the word "appealed," instead of "appeals," in the notice of appeal, suggests that plaintiff had previously exercised that right; but he is not charged with bad faith, and no prejudice to the defendant is claimed on account of such an inadvertent error in grammatical tense. While the notice of appeal is made the jurisdictional instrument by which the case is transmitted from a lower court to a higher court for review, and present action should be denoted therein by the use of apt words, it is very plain that the service of the notice under consideration conveyed actual knowledge to the defendant that plaintiff, being dissatisfied with the judgment rendered in justice court, appeals therefrom on questions of law and fact to the circuit court wherein a new trial is demanded. It being universally recognized doctrine that a remedial statute should be liberally construed to effect its object, something more than a clerical mistake by a person pursuing the prescribed method of removal is necessary to defeat the right of trial by jury on appeal from a justice of the peace. We are directed by counsel for appellant to the case of Chinnock v. Stevens, 23 Wis. 396 where it is reluctantly held that a provision of the Wisconsin statute with reference to notice must be pursued with rigid exactness in order to confer jurisdiction on the appellate court, and from the opinion written by Dickson, J., we quote as follows: The only objection of this court cited in the brief, and the nicety required in order to give jurisdiction in cases of appeal from justices of the peace, are familiar to the gentlemen of the bar who have had occasion to investigate the subject. The same rigid doctrine was reiterated and applied by

the majority of the court in the recent case of Widner v. Wood, 19 Wis. 190; so that it is undoubtedly as true now as it ever was that the requirements of the statute must be pursued with the uttermost exactness, or the appeal will be a failure. I could not concur in the last decision. I doubted then, and doubt now, the correctness of the rule. It is technical in the extreme, and has been enforced with a degree of illiberality which does not charaterize the practice in civil actions in any other particular. It is in clear opposition to the maxim, universally observed, that appeals from inferior tribunals are favored in the law."

Counsel for appellant also insist that the docket of the justice, quoted in this opinion, shows that two judgments were rendered in that court, one for the dismissal of the action and the other for costs, and that the appeal was taken from the latter alone; but the view is neither justified by the record nor by the notice of appeal. As the recitals of the notice are applicable to but one judgment, which is sufficiently described therein to prevent any person of ordinary understanding from being misled, it would require an unwarranted observance of something more exacting by far than the letter of the law to reverse the ruling of the circuit court on the motion to dismiss for the want of jurisdiction. Lancaster v. McDonald, 14 Or. 264, 12 Pac. 374; In re Dugan, 129 Iowa, 241, 105 N. W. 514; Horrell v. Homebuilders' Ass'n, 40 Wash. 531, 82 Pac. 889. But one judgment can be rendered in an action tried in justice court, and sections 79 and 93 of the Revised Justices' Code expressly require the justice to specify, tax, and include in such judgment the costs allowed by law to the prevailing party, and that is exactly what was done, although some superfluous words were used. "Much less degree of technicality and formality is required in the judgments of justices of the peace and other inferior courts that is exacted in respect to the judgment of courts of record." Black on Judgments, 115. The phraseology of the justice distinctly shows the final adjudication and determination of the rights of the parties to the action by a judgment of dismissal, and for costs against plaintiff in favor of defendant, and from the whole of such judgment plaintiff appealed on questions of both law and fact, and demanded a new trial in circuit court. This judgment and the notice of appeal must be tested by substance rather than by form, and appellant's standard for the interpretation of proceedings of this character finds no justification in law. Lynch v. Kelly, 41 Cal. 232; Felter v. Mulliner, 2 Johns, (N. Y. 181; Gaines v. Betts, 2 Doug. (Mich.) 98.

It is now deemed essential to the proper understanding and consideration of the next question of law discussed in appellant's brief, relative to the rejection of certain oral testimony, to make a brief statement of the nature of the action, together with the facts and circumstances disclosed by the record. The object of the action was to enforce payment of a small account for meats and other household supplies purchased by appellant while respondent and one Frank Alton were engaged in the business of conducting a meat market under the firm name of Haag & Alton. On the 9th day of October, 1905, this co-partnership was dissolved by mutual consent evidenced by a written contract, in the nature of a bill of sale, executed in due form by both parties, and by the terms of which the retiring partner, Frank Alton, sold and delivered to respondent his entire interest in the business, including among other property all partnership accounts, notes and demands due the firm, and, according to the express terms of the written instrument "Lewis Haag agreed to pay all of the debts and obligations of said Haag & Alton and none other." Appellant admits in his answer that he made the purchases of Haag & Alton as alleged in the complaint and, in support of the plea of payment, offered to prove at the trial that at the time of the dissolution of the firm of Haag & Alton, and as part consideration for the purchase and sale of the partnership property, "the plaintiff in this action, Lewis Haag, agreed to and did assume certain individual debts of Frank Alton, his copartner, among which individual debts was the debt to the defendant J. C. Burns by F. J. Alton, one of the said copartners." To this offer an objection was made on the ground that the written contract could not be varied by such parol testimony; and it is urged with much candor that the trial court erred in sustaining the objection. The exact contention of counsel for appellant is that the offered testimony related to the consideration expressed in the contract, which may usually be contradicted by parol testimony, and that, in any event, such written instrument did not preclude appellant Burns, who was not a party to such written instrument, from showing the actual agreement upon the dissolution of the copartnership.

At the trial of the case of Schneider v. Kirkpatrick, 80 Mo. App. 145, plaintiff sought to contradict a written contract between the defendant and one Smith, to which he was not a party, by attempting to prove by parol that such written contract did not correctly state the terms of a settlement under which he claimed a substantial right; and the court said: "It would be strange if he could prove and enforce promises made to Smith which Smith himself could not prove or enforce. The position of one for whose benefit a promise is made cannot be better that that of the one who

procures it to be made and to whom it is made." The headnote, fully sustained by the opinion, is as follows: "One who bases his claim upon a contract between others to which he is not a party is bound by the terms of such contract, and may not vary the terms thereof by parol evidence." Where both parties to an action are strangers to a written instrument, and the same is but collaterally involved in the controversy, good authority may be found for the admission of parol testimony to vary its terms with reference to the consideration, but it is equally well settled that an obligation in the nature of a covenant entered into upon the dissolution of a partnership cannot be disputed or augmented in favor of a retiring partner by proof of a contemporaneous oral agreement to pay his individual debts. Nor does the person for whose benefit it is alleged such promise was made and who claims under it stand in a position of a stranger, and he is therefore concluded by the terms of a contract for the dissolution of a partnership as completely as a retiring partner who procured the purported agreement to be made. Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Selchow v. Stymus, 26 Hun, 145; Davis v. Gann, 63 Mo. App. 425; Walter v. Dearing, 65 S. W. 380; Spingarn v. Rosenfeld, 4 Misc. Rep. 522, 24 N. Y. Supp. 733; Libby v. Company, 67 N. H. 587, 32 Atl. 772; Cook v. National Bank, 90 Mich. 214, 51 N. W. 206; Cunningham v. Martin, 46 Kan. 352, 26 Pac. 656; Hodson v. Varney, 122 Cal. 619, 55 Pac. 413; Herbert & Demare, v. Maxime Dupaty, 42 La. Ann. 343, 7 South, 580; 9 Encyc. of Evid. 228. In the case of Delany v. Anderson, 54 Ga. 586, the court said: "Where one partner buys out the other and assumes all the liabilities of the firm by an instrument in writing, parol evidence is not admissible to show a parol agreement to pay a personal obligation of the retiring partner, such as a board bill."

At the conclusion of the trial, and after the court refused to permit Frank Alton to testify that there was an oral agreement, made at the time the partnership was dissolved, by which respondent Haag assumed and obligated himself to pay the individual debts of the witness, an application was made to file an amended answer, alleging fraudulent representations of respondent as to the agreement entered into at the dissolution of the partnership. As appellant claims the right to offset Alton's individual debt to him against his debt to the partnership of Haag & Alton, and both claim immunity from liability under the contract of dissolution, the great weight of well-reasoned authority is to the effect that neither can go behind the clear language of the written instrument, unless there is something to justify both in doing so. Not the slightest ambiguity, incompleteness, or uncertainty is claimed or can be found in the contract for the dissolution of the partnership of

Haag & Alton, nor in the published notice thereof, signed by both parties and from which we quote as follows: "Lewis Haag, one of said partners, will pay all of the debts and obligations of said firm, and none other; and will collect all notes, accounts and demands due said firm, and will in the future continue said business, while Frank J. Alton retires therefrom." In the absence of fraud in some way practiced upon an illiterate person or one in a fiduciary relation without capacity or opportunity to read, it must be conclusively presumed that he advisedly acquiesced in a written instrument containing his signature, and he is estopped from orally disputing its terms. Farlow v. Chambers, 21 S. D. 128, 110 N. W. 94. Were this view untenable, a reversal would not follow, for the reason that the proposed amended answer contains no allegation of a specific fraudulent act upon which any one relied, and proof thereunder of actionable fraud would scarcely be admissible. While the rejection of the amended answer, which, if of any utility, would materially change the issues, was not an abuse of discretion, we prefer to rest this decision upon the substantive law by which appellant is precluded from ingrafting upon the written contract, "to pay all the debts and obligatons of Haag & Alton and none other," the repugnant oral undertaking to pay the individual debts of Alton.

The judgment appealed from is affirmed.