FRANK POAGE, Appellant, v. GRANT TOWNSHIP DITCH AND DRAINAGE DISTRICT No. 5, and STORY COUNTY, IOWA.

**Drainage:** ASSESSMENT OF BENEFITS: APPEAL: SERVICE OF NOTICE. On appeal from an order of the supervisors fixing an assessment of benefits for drainage purposes, the notice must be served on the first four petitioners for the drain, and upon service of notice upon the county auditor only, the appeal should be dismissed.

*Appeal from Story District Court.*—HON. W. D. EVANS, Judge.

WEDNESDAY, MARCH 10, 1909.

THE plaintiff was assessed for benefits alleged to have been received by him from the establishment of a drainage ditch and attempted an appeal to the district court,

but his appeal was dismissed, and, from that judgment of the district court, he appeals to this court.—*Affirmed.*

*D. J. Vinje* and *Bert B. Welty,* for appellant.

*I. W. Douglas* and *Binford & Farber,* for appellees.

Sherwin, J.—When the proceedings to establish the ditch were before the board of supervisors of Story County, the appellant filed objections thereto which were considered and overruled, and on December 3, 1906, he served on the auditor of the county a notice of appeal from the assessment of the board to the district court of Story County. This notice of appeal was served on the county auditor only, and no appearance has been made for the district or for any of the petitioners for the ditch. The appellee county filed a motion to dismiss the appeal on the ground that it had not been taken and perfected as by law provided, and that the district court had not acquired jurisdiction of either the parties or the subject-matter of the action. This motion was sustained and the correctness of the court's ruling thereon presents the only question for our determination.

The law in force at the time an attempt was made to appeal to the district court was Code, section 1947, which provided that an appeal might be taken to the district court from an order of the board of supervisors in fixing the assessment upon lands in the same manner that appeals may be taken in the location of roads and within the same time. We construed this statute in connection with the roads statute therein referred to in *Henderson v. Calhoun County,* 129 Iowa, 119, and therein held adversely to the appellant's contention herein, and that case is controlling here. It is true that in the *Henderson* case the appeal was from an award of damages, while here it is from an assessment of benefits. But this does not change the rule

or the necessity therefor announced in the *Henderson* case. All petitioners for a ditch were and are necessarily affected by both the assessment of damages and the assessment of benefits. Code, section 1946, required that an equitable apportionment of the costs, expenses, cost of construction, fees, and damages assessed for the construction of any ditch or improvement should be assessed among the owners of the land along or in the vicinity of such improvement and to be benefited thereby in proportion to the benefit to each of them and "levied upon the lands of the owners so benefited in said proportions." It is evident that the petitioners for the improvement were under this section as deeply interested in the apportionment or assessment of benefits as they were in the question of the damages to be allowed thereunder, and that the necessity of notice to the first four petitioners was as great where the benefits assessed were questioned as it was in the *Henderson* case. Section 1946 seems also to have recognized the necessity of bringing all parties in for the adjustment of their relative rights because it required notice of the hearing to be served upon the owner of each tract of land or lot involved in the proceedings. *Yockey v. County,* 130 Iowa, 412.

As we have heretofore said, the *Henderson* case rules this case, and the judgment must be, and it is, *affirmed.*

EVANS, C. J., took no part.