J. H. HENDERSON, Appellant, v. BOARD OF SUPERVISORS OF POLK COUNTY, IOWA, and DRAINAGE DISTRICT No. 6, POLK COUNTY, IOWA, Appellee.

**Appeal:** NOTICE: FAILURE TO STATE DATE OF JUDGMENT. It is not fatal to the jurisdiction of the Supreme Court that a notice of appeal from a single judgment in the case fails to state the date of judgment appealed from; nor would the fact that a wrong date was stated defeat its jurisdiction.

**Same:** APPEAL TO DISTRICT COURT: NOTICE: SERVICE. Under the present statutes the filing of notice of appeal from an assessment in drainage proceedings with the county auditor, together with a bond duly approved by him, is sufficient to transfer the cause to the district court, without serving the notice on the petitioners for the drainage improvement.

*Appeal from Polk District Court.*—HON. W. M. MCHENRY, Judge.

WEDNESDAY, DECEMBER 13, 1911.

APPEAL from an assessment of benefits in a drainage proceeding. From the order of the board of supervisors the plaintiff appealed to the district court of Polk county. Upon motion of the defendants, the appeal was dismissed for want of jurisdiction. From the order of dismissal entered by the district court, plaintiff has appealed.—*Reversed.*

*Stewart & Hextew,* for appellant.

*John P. Halloran,* for appellees.

EVANS, J.—The order and judgment of dismissal ap-

pealed from was entered in the district court on December 18, 1909. This fact is made to appear in the appellant's abstract. The notice of appeal, however, described the judgment as having been entered on September 18, 1909.

The appellee moves to dismiss the appeal here for want of jurisdiction on the ground that no notice of appeal from the judgment of December 18, 1909, was ever

1. APPEAL: notice: failure to state date of judgment.

served. No order was, in fact, entered on September 18, 1909, and the specification of such date in the notice of appeal was a mere error, clerical or otherwise. It was not essential to the notice of appeal that any date of the judgment should be specified; there being but one judgment in the case. Nor will a mere mistake in the notice of appeal, specifying the wrong date of the judgment, operate to defeat the jurisdiction of this court. This has been the repeated holding. *Kennedy v. Rosier,* 71 Iowa, 671; *Geyer v. Douglass,* 85 Iowa, 93; *Parker v. Des Moines Assn.,* 108 Iowa, 117; *Lynch v. Dugan,* 129 Iowa, 243. Appellant has shown great persistence of error as to the date of this judgment. His argument in resistance to the motion to dismiss advises us that the judgment appealed from was entered July 18, 1909.

The ground of dismissal in the district court was that the plaintiff had failed to serve his notice of appeal upon the petitioners for the drainage improvement. The plain-

2. SAME: appeal to district court: notice: service.

tiff did file a proper notice of appeal with the county auditor together with a bond duly approved by the auditor, all in strict accord with the requirements of section 1989-a6 and section 1989-a14 (Code Supplement). This was a sufficient service. *In re Jenison,* 145 Iowa, 215; *Shaw v. Nelson,* 150 Iowa, 559.

It should be said for the trial court that in entering the order of dismissal it followed the case of *Farley v. Hamilton County,* 120 N. W. 83. A rehearing was granted

in the cited case which had the effect to set aside that opinion. That opinion followed *Henderson v. Calhoun County*, 129 Iowa, 119. It was overlooked that the statute had been amended since the *Henderson* case had been decided. That fact was brought to our attention in a petition for rehearing in the *Farley* case which was promptly sustained. That case was subsequently decided upon its merits. 144 Iowa, 476.

For the reason indicated, the judgment below must be, and it is, *reversed*.