J. H. Henderson, Appellant, v. Board of Supervisors of Polk County, Iowa, and Drainage District No. 6, Polk County, Iowa, Appellee.

**Appeal:** NOTICE: SPECIFICATION OF DATE OF JUDGMENT. The notice
1  of appeal from a single judgment need not specify the date of the judgment, and even if specifying a wrong date it will not defeat the jurisdiction of the appellate court.

**Same:** NOTICE IN DRAINAGE PROCEEDINGS. Notice of appeal need not
2  be served on the petitioners for a drainage improvement; under the present statute it is sufficient if filed with the auditor, together with a bond duly approved by the auditor.

*Appeal from Polk District Court.*—Hon. W. H. McHenry, Judge.

Wednesday, December 13, 1911.

Appeal from an assessment of benefits in a drainage

proceeding.  From the order of the board of supervisors the plaintiff appealed to the district court of Polk county. Upon motion of the defendants, the appeal was dismissed for want of jurisdiction.  From the order of dismissal entered by the district court, plaintiff has appealed.— *Reversed.*

*Stewart & Hextell,* for appellant.

*John J. Halloran,* for appellees.

EVANS, J.—The order and judgment of dismissal appealed from was entered in the district court on December 18, 1909.  This fact is made to appear in the appellant's abstract.  The notice of appeal, however, described the judgment as having been entered on September 18, 1909.

The appellee moves to dismiss the appeal here for want of jurisdiction on the ground that no notice of appeal from the judgment of December 18, 1909, was ever served. No order was, in fact, entered on September 18, 1909, and the specification of such date in the notice of appeal was a mere error, clerical or otherwise.  It was not essential to the notice of appeal that any date of the judgment should be specified; there being but one judgment in the case.  Nor will a mere mistake in the notice of appeal, specifying the wrong date of the judgment, operate to defeat the jurisdiction of this court.  This has been the repeated holding.  *Kennedy v. Rosier,* 71 Iowa, 671; *Geyer v. Douglass,* 85 Iowa, 93; *Parker v. Des Moines Ass'n,* 108 Iowa, 117; *Lynch v. Dugan,* 129 Iowa, 243.  Appellant has shown great persistence of error as to the date of this judgment.  His argument in resistance to the motion to dismiss advises us that the judgment appealed from was entered July 18, 1909.

The ground of dismissal in the district court was that

1. APPEAL: notice: specification of date of judgment.

the plaintiff had failed to serve his notice of appeal upon the petitioners for the drainage improvement. The plaintiff did file a proper notice of appeal with the county auditor together with a bond duly approved by the auditor, all in strict accord with the requirements of section 1989-a6 and section 1989-a14 (Code Supplement). This was a sufficient service. *In re Jenison,* 145 Iowa, 215; *Shaw v. Nelson,* 150 Iowa, 559.

2. SAME: notice in drainage proceedings.

It should be said for the trial court that in entering the order of dismissal it followed the case of *Farley v. Hamilton County,* 120 N. W. 83. A rehearing was granted in the cited case which had the effect to set aside that opinion. The opinion followed *Henderson v. Calhoun County,* 129 Iowa, 119. It was overlooked that the statute had been amended since the *Henderson* case had been decided. That fact was brought to our attention in a petition for rehearing in the *Farley* case, which was promptly sustained. That case was subsequently decided upon its merits. 144 Iowa, 476. For the reasons indicated, the judgment below must be, and it is, *reversed.*