Pamela DENNEY, by her Next Friend Arthur Denney, and Arthur Denney, Plaintiffs,

v.

CITY OF SIOUX CITY, Iowa; Richard Pixler; Dale Blom; Lester Zerschling; Janell C. Rager; and Paul Von Hagel, Defendants.

CITY OF SIOUX CITY, Iowa, Cross-Petitioner and Appellant,

v.

Wardell GREER d/b/a Swingin Inn; Interstate Distributing Company d/b/a Peggy's Cocktail Lounge; Supreme Sales Company; and Fabrics, Inc., Defendants to Cross-Petition and Appellees.

No. 63945.

Supreme Court of Iowa.

May 21, 1980.

**132**

Dewie J. Gaul, of Jacobs, Gaul, Nymann & Green, Sioux City and James L. Abshier, City Atty., for cross-petitioner-appellant.

Gerry M. Rinden, of Klockau, McCarthy, Lousberg, Ellison & Rinden, Rock Island, Ill., for appellee Wardell Greer d/b/a Swingin Inn.

Maurice B. Nieland, of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for appellee Interstate Distributing Company d/b/a Peggy's Cocktail Lounge.

Marvin F. Heidman and Thomas M. Plaza, of Gleysteen, Harper, Eidsmoe & Hiedman, Sioux City, for appellee Supreme Sales Company.

Lawrence D. Kudej and Michael R. Hellige, of Shull, Marshall & Marks, Sioux City, for appellee Fabrics, Inc.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and LARSON, JJ.

HARRIS, Justice.

Sioux City's notice of appeal in this case was directed to "the final decision of [the] district court in this cause entered June 26, 1979, and from each order and ruling inhering therein . . . ." The only trial court ruling on June 26, 1979, was a denial of the city's motion to continue. The case was thereafter dismissed by operation of law under Iowa R.Civ.P. 215.1. Because the challenged ruling was interlocutory and not final we lack jurisdiction and are obliged to dismiss this appeal.

On July 25, 1973, Pamela Denney and her father as next friend filed suit claiming substantial damages against the city and certain of its employees for physical injuries she suffered in a mattress fire in the city jail. Denney had been placed in the jail cell following her arrest at or near a tavern. Despite her incapacitated condition, resulting from consumption of alcohol and inhalations of glue vapor, her cigarettes and matches had not been removed, and the fire ensued. On December 7, 1973, the city cross-petitioned against Wardell Greer and Interstate Distributing Company as operators of dramshops, and also against Supreme Sales Company as seller of the mattress. On January 29, 1974, Denney accepted the city's confession of judgment in the amount of $200,000.

On January 26, 1976, the city filed its amended and substituted cross-petition against Greer, Interstate Distributing, and Supreme Sales, and added as a fourth defendant Fabrics, Inc., the manufacturer of the mattress.

Perhaps because of obvious difficulties in the city's theory of recovery (see *Robinson v. Bognanno*, 213 N.W.2d 530, 531 (Iowa 1973); *Evans v. Kennedy*, 162 N.W.2d 182, 185, 186 (Iowa 1968)) there were protracted delays in bringing the suit to trial. It eventually became subject to the provisions of Iowa R.Civ.P. 215.1 (uniform rule for dismissal for want of prosecution). Accordingly the parties stipulated on December 10, 1975, for a continuance and one was granted to July 1, 1976. The city applied for and received four further continuances, until

July 1, 1977, until July 1, 1978, until December 31, 1978, and until July 1, 1979. In each application the city complained of its need for additional discovery. Supreme Sales Company resisted the last motion, protesting the city's lack of diligence in discovery and the "obvious prejudice" resulting upon another continuance.

On April 12, 1979, the city filed a certificate of readiness for trial but on April 16 Fabrics, Inc. moved for continuance, alleging its own incompletion of discovery.

On June 1, 1979, the city filed its fifth motion for continuance, alleging merely that reasons not the fault of the city would prevent the case from being tried before July 1. Supreme Sales Company again resisted. Interstate Distributing Company also resisted. On June 26 the city's motion was denied. The suit was automatically dismissed by operation of law May 1, 1979. *Brown v. Iowa Dist. Court for Polk County*, 272 N.W.2d 457, 459 (Iowa 1978).

On July 3, 1979, the city moved for reconsideration of the June 26 denial of the motion for continuance. On July 18 the city moved for reinstatement. But the trial court had ruled on neither motion by July 23, 1979, when the city filed its notice of appeal.

■ If we find a lack of jurisdiction over the subject matter of an appeal it must be dismissed even though no party has moved for dismissal. *Decatur-Moline Corp. v. Blink*, 283 N.W.2d 347, 348–49 (Iowa 1979). Iowa R.App.P. 5(a) permits appeals only from final judgments except where permission for an interlocutory appeal has been obtained under Iowa R.App.P. 2. A final judgment is one which finally adjudicates the rights of the parties. To qualify as final the decision must put it beyond the power of the court which made it to restore the parties to their original positions. *Recker v. Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978).

This appeal was taken from the trial court's ruling denying a motion for continuance. This was not a final judgment because it did not finally adjudicate the rights of the parties. There was no appeal from the dismissal of the case. The city argues that its notice of appeal was directed to the automatic dismissal by the language in the notice of appeal, which addressed not only the June 26 ruling but also "each order and ruling inhering therein . . . ." But the dismissal did not inhere in the June 26 ruling. It merely came about in part by reason of the fact that the motion for continuance was denied.

The city also points to our cases, such as *Henderson v. Board of Sup'rs of Polk County*, 153 Iowa 283, 284, 153 Iowa 470, 471, 133 N.W. 671 (1911), which say that it is not necessarily fatal to appellate jurisdiction that the notice of appeal specifies the wrong date of judgment. But these cases are not in point here.

It is significant that the trial court did enter a ruling on the date specified in the notice of appeal. The city moved in trial court against each of the two rulings. It moved for reconsideration of the denial of the motion to continue. It separately moved for reinstatement of the case after it was automatically dismissed.

■ We are not involved with a mere mistake in specifying the date of final judgment. Rather we are involved with an improper attempt to appeal from an interlocutory ruling which the notice of appeal properly identifies. The June 26 ruling did not become a final decision by reason of the city's characterization of it as such in the notice of appeal. The characterization was erroneous and will not support appellate jurisdiction.

We conclude that this appeal was taken from an interlocutory ruling without permission. It was not taken from a final judgment. Hence, we lack jurisdiction.

APPEAL DISMISSED.