JOHN T. HOWARD, plaintiff in error, vs. BEHN & FOSTER, defendants in error.

If the factor pays the draft of the planter, upon the faith of produce which he never receives, he is entitled to recover the amount in an action for so much cash paid for his use; and on the balance due on the account between the cash received and the cash advanced for the defendant, the plaintiff is entitled to interest.

Complaint, from Randolph county. Tried before Judge KIDDOO, at November Term, 1858.

This was an action, under the Jones Forms, by Behn & Foster against John T. Howard, on account.

The following bill of particulars was filed with the declaration, viz:

MR. JOHN T. HOWARD,

IN ACT. WITH BEHN & FOSTER.

1854.

A bill of bagging, rope, twine, set out by items, amounting to    -    -    -    $451 38

1855. Jan. 15. Cash paid his draft to our own order, and endorsed by McBain & King,    -    -    -    -    2,607 37

Com's on advancing $1,952 06 at 2½,    48 80

3,107 55

1854.        CREDIT.

Dec. 23. By sales rendered 40 B. Cotton, $1,090 49

1855.

Jan. 30.    "    "    29    "    806 08—1,896 57

$1,210 93

Plaintiff amended the declaration by adding the following copy draft to the bill of particulars, viz:

"$2,607 37-100.        AMERICUS, Ga., 13 Nov., 1854.

Sixty days after date pay to the order of myself, at the Marine Bank of Ga., in Savannah, Twenty-Six Hundred and Seven 37-100 Dollars, value received, and charge the same to account of

JOHN T. HOWARD.

To Messrs. BEHN & FOSTER, Savannah, Ga.

Endorsed "pay G. M. Taylor or order.

JOHN T. HOWARD.

"    pay W. P. Hunter, Esq., Ass't Cashier, or order.

G. M. TAYLOR.

And written across the face " McBain & King," "Accepted, Behn & Foster."

To which declaration as amended defendant demurred on the grounds:

1st. That there is a misjoinder of causes of action, account and draft.

2d. That account is not the proper remedy or form of action.

3d. That the amendment was improper unless accompanied by an allegation that the acceptors were accommodation acceptors.

4th. That no action in the form of complaint, under the Act of 1847, can be sustained by the acceptors against the drawers of a bill, and especially if the declaration contained no allegation that the acceptance was for accommodation, or *supra protest*.

The Court overruled the demurrer, and defendant excepted.

Plaintiff then submitted his proof. Defendant introduced no testimony.

1st. The Court charged the jury, that if defendant shipped his cotton to plaintiffs and drew on them—the proceeds of the cotton to go to the payment of the draft—then the plaintiff, in the absence of instructions, had the right to sell the cotton at any time, provided the sale was *bona fide*, and the defendant would be bound by the sale.

2d. The Court further charged, that the usual custom of the country is for the planter to ship his cotton to a commission merchant and draw on him; and in such cases the acceptors are mere accommodation acceptors, and if the jury believe such to be the fact here, then the plaintiffs are mere accommodation acceptors, and as such, entitled to recover.

3d. The Court further charged, that if the plaintiffs are entitled to recover, then they are entitled to interest from the time of the payment of the draft.

To which charges defendant excepted.

The jury found for the plaintiffs $1,210 93, with interest from the 15th January, 1855.

Whereupon, defendant tenders his bill of exceptions, and assigns as error:

1st. The decision of the Court overruling the demurrer.

2d. The decisions overruling all defendants' objections to the depositions of Janes, Bemis, Prescott, Price, Long and Battersby.

3d. The charge above given.

HOOD & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS; and PERKINS, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

This is really an action for an account, in which is an item of $2,607 37, paid by the plaintiff for the defendant, on a draft. It is for the plaintiff to prove that he paid this money for the defendant, and that under the circumstances, he is entitled to recover it back. The amendment was unnecessary. The complaint was good without it. The amendment did not vitiate it. The complaint is not on the draft. It could not be, of course, at the instance of the acceptors against the drawers. It must be a monied action, and no other sort.

If, then, the writ was good, the Court was right for admitting the proof under it. The objections to the testimony were founded on a misconception of the nature of the suit. Nor do we see any thing wrong as to the proof of the custom of merchants, in relation to certain matters.

Interest was due on the cash balance, overpaid by the plaintiffs. The account, except as to the amount paid on the draft, was not disputed by the defendant, when presented. Whatever the cotton lacked of refunding the cash paid on the draft, should bear interest.

The real trouble in this case is, the *bona fides* of the sale of defendant's cotton; and that the Court submitted to the jury.

Judgment affirmed.