---

[No. 8,536.   Department One.—February 26, 1885.]
GEORGE WISP et al., Appellants, *v.* ALEXANDER HAZARD et al., Respondents.

Factor—Pledge for Individual Debt.—A pledge of the property of his principal, made by a factor having its possession and control, as security for his individual debt, is good as against the principal, if the pledgee acted in the due course of business without notice of the actual ownership.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to recover the value of certain merchandise, consigned for sale by the appellants, merchants of Buffalo, N. Y., to one J. W. Wyatt, and by him pledged to the respondents. The further facts are sufficiently stated in the opinion of the court.

*McAllister & Bergin,* and *Chickering & Thomas,* for Appellants.

A factor, at common law, had no right to pledge the goods of his principal. ( *Wright* v. *Solomon,* 19 Cal. 77.) A pledgee or purchaser has no better right than his pledgor or vendor.

*(Robinson* v. *Haas,* 40 Cal. 479 ; *Putnam* v. *Lamphier,* 36 Cal.
158 ; *Sherwood* v. *Meadow Valley M. Co.,* 50 Cal. 412 ; *Saltus* v. *Everett,* 20 Wend. 270 ; *First Nat. Bank* v. *Shaw,* 61
N. Y. 298.) This rule has not been changed by the Civil Code.
*(Civil Code,* §§ 5, 2368, subd. 2 ; *Hayes* v. *Campbell,* 55 Cal.
424.)

*Stanly, Stoney & Hayes,* for Respondents.

A pledge by a factor having ostensible authority to deal with
the property of his principal, is good as against the latter, if the
pledgee had no notice of the actual ownership. (Civil Code, §§
2369, 2991 ; *Macky* v. *Dillinger,* 73 Pa. St. 90 ; *Cartwright* v.
*Wilmerding,* 24 N. Y. 526 ; *Pegram* v. *Carson,* 10 Bosw. 505 ;
*Bonito* v. *Mosquera,* 2 Bosw. 453 ; *Howland* v. *Woodruff,* 60 N.
Y. 73 ; *Florence S. M. Co.* v. *Warford,* 1 Sweeny, 437 ; *First
Nat. Bank of Toledo* v. *Shaw,* 61 N. Y. 283 ; *Price* v. *Wis. M.
& F. I. Co.,* 43 Wis. 295.) The expression "apparent owner-
ship," as used in section 2991 of the Civil Code, applies to one
whom the owner has himself clothed with the external *indicia*
of ownership. *(Davis* v. *Russell,* 52 Cal. 612 , *Green* v. *Camp-
bell,* 52 Cal. 589 ; *Dows* v. *Kidder,* 84 N. Y. 121 ; *Stone* v.
*Marye,* 14 Nev. 362 ; *Gass* v. *Hampton,* 16 Nev. 185 ; *McNeil*
v. *Tenth Nat. Bank,* 46 N. Y. 325 ; *Brewster* v. *Sime,* 42 Cal.
139 ; *Thompson* v. *Toland,* 48 Cal. 112.)

Ross, J.—By statute in this state it is declared : "A factor
has ostensible authority to deal with the property of his princi-
pal as his own, in transactions with persons not having notice
of the actual ownership." (Civil Code, § 2369.)

The facts of the case at bar bring the case directly within
the provisions of this statute. One Wyatt was the plaintiffs'
factor, employed by the latter to sell certain personal property,
and vested by the plaintiffs with its possession and control.
Wyatt stored the property in a warehouse in his own name,
had it insured in a like manner, and subsequently, without the
consent or knowledge of the plaintiffs, pledged the property to
the defendants as collateral security for a loan of two thousand
dollars made to him by the defendants—the loan being made by
defendants in the ordinary course of their business as bankers,

in good faith, without notice that the property belonged to the plaintiffs, but believing Wyatt to be its owner. The question is whether the loan is protected by the provision of the statute above quoted. It is said for the appellants, that inasmuch as the code, by section 2317 of the article on the "authority of agents," has defined "ostensible authority" to be "such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess," the words "ostensible authority," used in section 2369 with respect to factors, should be held to have been used in that sense only.

It is true, a factor is an agent. He is defined by our statute to be "an agent who, in the pursuit of an independent calling, is employed by another to sell property for him, and is vested by the latter with the possession or control of the property, or authorized to receive payment therefor from the purchaser." (Civil Code, § 2026.) But the statute makes a distinction between factors and agents in general, and confers upon the former other and greater powers than are conferred upon the latter. As has been seen, section 2026 of the Civil Code defines a factor. By section 2295 of the same code it is declared: "An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency." And it is among the succeeding sections prescribing the "authority of agents" that section 2317, defining "ostensible authority," is found. Clearly, this relates to the ostensible authority of agents in general. But when the statute comes to speak of the authority of a *factor*, previously defined, not as "one who represents another, called the principal, in dealings with third persons," but as "an agent who, in the pursuit of an independent calling, is employed by another to sell property for him, and is vested by the latter with the possession or control of the property, or authorized to receive payment therefor from the purchaser," it is provided that factors have authority beyond that of agents in general. "In addition to the authority of agents in general," says section 2368 of the Civil Code, a factor has actual authority from his principal, unless specially restricted: 1. To insure property consigned to him uninsured. 2. To sell on credit anything intrusted to him for sale, except such things as it is contrary to usage to sell on

credit; but not to pledge, mortgage or barter the same; and, 3. To delegate his authority to his partner or servant, but not to any person in an independent employment." With the limitations and restrictions stated, a factor has, by virtue of this section, *actual* authority to do all acts there specified. The statute next goes further, and provides that " a factor has ostensible authority to deal with the property of his principal as his own, in transactions with persons not having notice of the actual ownership." This language is very plain, and was evidently designed to protect those who, without notice of the actual ownership, deal with the factor in respect to the property of his principal.

The authority is as real where it is declared to be ostensible, as it is where it is declared to be actual. Wherever it is declared to exist, it is controlling.

The evidence is sufficient to sustain the findings.

Judgment and order affirmed.

McKEE, J., and McKINSTRY, J., concurred.