[Sac. No. 352.   Department One.—December 9, 1898.]

J. R. HODSON, Respondent, v. A. A. VARNEY, Appellant.

SALE OF PHOTOGRAPH GALLERY—WRITTEN CONTRACT—PAROL EVIDENCE.—
Under a written contract of sale of a photographic business,
and all the materials and working apparatus, and property of
every description contained in the vendor's art gallery, parol
evidence is inadmissible to show that any materials, lens, cam-
eras, or negatives therein contained were reserved from the
sale.

ID.—EXTENT OF GALLERY—MATERIALS IN ROOMS—QUESTION OF FACT.—
Where only the property situated in a named art gallery was
sold by the terms of the written contract, it is a question of
fact whether particular rooms on the same floor of the build-
ing containing other materials and articles of personal property
belonging to the vendor were or were not part of the gallery,
and, if not, the property situated therein did not pass by the
sale, but the title thereto remained in the vendor of the gallery.

APPEAL from a judgment of the Superior Court of Sacra-
mento county, and from an order denying a new trial. A. P. Cat-
lin, Judge.

The facts are stated in the opinion of the court.

J. H. McKune, and Albert M. Johnson, for Appellant.

Judson C. Brusie, and A. E. Bolton, for Appellant.

GAROUTTE, J.—This is an action of claim and delivery, and
defendant appeals from the judgment and order denying his mo-
tion for a new trial. Defendant purchased the photographic
business of plaintiff under a written contract of sale which pro-
vided: "It is the purpose of this agreement to transfer all the
materials and working apparatus now contained in said gallery,
No. 521 J street, Sacramento, California, including everything
essential to the working of the operating-room, the printing-
room, furnishing, dressing and reception rooms, and all furniture
therein contained, also sixteen oil paintings and other various
pictures and their frames, also all signs and advertising cases,
also all the cameras, material, and negatives therein contained."

Plaintiff now seeks to recover possession of certain personal
property which he claims did not pass to defendant under this

sale, evidenced by the foregoing written contract. The plaintiff sold to defendant "all the materials and working apparatus now contained in said gallery, No. 521 J street, Sacramento, California." Upon the same floor of the building in which this gallery is located Hodson had the possession of two rooms, Nos. 10 and 11, in which was situated certain of the property sought to be recovered in this action. By an inspection of the contract of sale it will be perceived that plaintiff only disposed of property situated in the gallery (Hodson's Art Gallery). If rooms 10 and 11 were part of the gallery, then the title to the property situated therein passed to defendant under the bill of sale. As to what constituted Hodson's Art Gallery was a question of fact upon which the evidence of witnesses was properly received, and upon the evidence introduced the court held that rooms numbers 10 and 11 were no part of the gallery.

A Mammoth Peerless lens and camera was located in the gallery at the time of the sale, but it is claimed upon the part of plaintiff that it was specially reserved from the property sold. Under objection from defendant, plaintiff offered oral evidence to show that this instrument was reserved from the sale. In the face of the written contract, which in direct and explicit language declared that title to all the property in the gallery passed to defendant, and which also declared that "all cameras therein contained" passed to defendant, this evidence was clearly inadmissible. The offer of such evidence was a bald attempt to vary and contradict the terms of a written contract, and principles of elementary law forbid it being done. If six horses are sold by an instrument in writing, oral evidence will not be allowed to show that one of these horses was excepted from the effect of the sale. The writing in such a case contains no exception or reservation, and the writing must be held to contain all the terms of the contract. Oral evidence of reservations or exceptions of certain property from the effect of the bill of sale presented in this case should have been rejected by the trial court. The two hundred sample negatives located in the gallery, and which it is claimed were also reserved, stand hand in hand with the Mammoth lens and camera. They passed to defendant by the terms of the sale. If the other articles of personal property involved in this litigation were located in rooms 10 and 11 at the time of

the sale, and those rooms, as a matter of fact, were no part of Hodson's Art Gallery, then they were not included in the sale, and title to them still remained in the plaintiff.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.