[L. A. No. 4068. Department Two.—December 13, 1917.]

## HAROLD BUDD, Appellant, v. HENRY WEST HUGHES et al., Respondents.

EVIDENCE—WRITTEN INSTRUMENTS—PAROL EVIDENCE TO VARY TERMS.— The rule excluding parol evidence to vary, explain, or contradict the terms of a written instrument is confined to controversies between parties or privies to the instrument.

CONVERSION—LANDLORD AND TENANT—PROPERTY LEFT BY TENANT ON LEASED PREMISES AFTER RE-ENTRY BY LANDLORD—AMOUNT OF DAMAGES.—Where a landlord, after re-entry upon demised premises, under a judgment in unlawful detainer for default in payment of rent, sold to a new lessee personal property of the tenant, consisting of theater seats which had been used by the tenant in operating a playhouse therein, and had been left by him on the premises, the tenant, in an action for conversion against the landlord, was entitled to recover only the value of the personal property, and not a larger consideration stated in the bill of sale, it being shown that other considerations entered into the transaction, chief among which was the new lease at a greatly reduced rent.

ID.—TRUST—COMMINGLING OF GOODS.—In such a case, assuming that, in the broad sense, a trust existed, there was no such "commingling of goods" as would entitle the plaintiff to the whole purchase price received, when the value of the goods was readily ascertainable.

ID.—MONEY HAD AND RECEIVED—APPEAL—HARMLESS ERROR.—In such case, conceding that the court erred in finding that the defendant's testatrix was not indebted in any sum whatever for money had and received for the use of plaintiff, the error, if any, was cured by a judgment rendered in plaintiff's favor for the value of the property converted.

ID.—APPEAL—AMENDMENT OF COMPLAINT BY PLAINTIFF UNDER PROTEST. Where, in such case, the plaintiff having sued on two counts, one for money had and received and the other based on the theory that the defendant's testatrix was an involuntary trustee, and accountable for seven thousand five hundred dollars (the consideration stated

in the bill of sale of the property), and the court, at the close of
the trial, stated that upon the evidence plaintiff was entitled to
recover the value of the property, but judgment must go for the
defendant unless plaintiff would amend his complaint, whereupon
plaintiff, under protest, amended his complaint, and judgment was
rendered in his favor for two thousand dollars, found to be the
value of the property converted, it being optional with plaintiff
whether or not he amended and took judgment for two thousand
dollars or, in the absence of amendment, allowed judgment to go
for the defendant, he was not prejudiced by the action of the court.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Willis S. Mitchell, and Davis, Kemp & Post, for Appellant.

W. W. Butler, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—This action grew out
of the following facts: Under a lease executed to him by
Mattie W. Hughes, the assignor of plaintiff was a tenant of
a building in Los Angeles, wherein he conducted a moving-
picture business known as the College Theater. In connec-
tion therewith he installed theater chairs and other personal
property, the use of which was required in operating the
playhouse. The lessee having made default in the payment
of his rent, the lessor, pursuant to a judgment rendered in
her favor in an action for unlawful detainer, re-entered the
premises wherein plaintiff had left the personal property and
used the same in carrying on the business from December 15,
1911, to January 15, 1912, upon which last-mentioned date
she, by bill of sale executed to a corporation of which E. J.
Tally was chief owner, sold and transferred the personal
property for a consideration therein specified of seven thou-
sand five hundred dollars, for the recovery of which sum this
action was instituted.

The court gave judgment in favor of plaintiff for the sum
of two thousand dollars, from which, and an order denying
his motion for a new trial, he prosecutes this appeal.

The complaint contains two counts, one for money had and
received by defendant for plaintiff's use and the other based

upon the theory that defendants' testatrix held the property as an involuntary trustee for plaintiff, to whom she was accountable, not for the value of the goods converted, but for the seven thousand five hundred dollars alleged to have been received therefor.

The chief error upon which appellant contends for a reversal is that the court over his objection received evidence tending to show that while the personal property described in the bill of sale as shown thereby constituted the sole and only consideration for the payment of the seven thousand five hundred dollars, other considerations did in fact enter into the transaction, chief among which was a five-year lease of the College Theater at a greatly reduced rental from that specified in plaintiff's lease, and the goodwill of an established business. That this was true clearly appears not only from uncontradicted testimony but from the fact that the execution of the bill of sale followed a contract made the preceding day by the agent of Mattie W. Hughes, whereby as said agent he agreed for said sum of seven thousand five hundred dollars to deliver the bill of sale transferring the personal property contained in said theater, together with a five-year lease of the premises, for a specified rental, which lease was executed by said Mattie W. Hughes as agreed to by her said agent.

In support of his contention appellant invokes the elementary principle that oral evidence will not be received to vary the terms of a written instrument, and, hence, the parties to this action are bound by the language of the bill of sale, the terms of which cannot, it is claimed, be varied by parol evidence. That such rule is applicable in actions between parties to a bill of sale is conceded. (*Hodson* v. *Varney,* 122 Cal. 619, [55 Pac. 413].) Plaintiff, however, was not a party to the written instrument and in no wise bound thereby. Had the sale of the property by Hughes been made for one-half in value of the property, could it be said that such fact would limit plaintiff's right to recover in an action for the conversion? Clearly not. And in such controversy, since one of the parties is free to show the true character of the transaction, it must follow that the other party to the action is likewise free. ''Where the controversy is between a party to a written contract and one who is neither a party to it nor privy to one who is, the rule excluding parol evidence to explain, vary, modify or contradict the writing does not ap-

ply.'' (11 Am. & Eng. Ency. of Law, 550; *Smith* v. *Moyni-han,* 44 Cal. 53; *Greve* v. *Echo Oil Co.,* 8 Cal. App. 275, [96 Pac. 904]; *Hussman* v. *Wilke,* 50 Cal. 250.) The reception of evidence disclosing the true character of the transaction to be otherwise than as shown by the writing was not error.

Conceding the court erred in finding that Mattie W. Hughes was not indebted to plaintiff's assignor in any sum whatever for money had and received for his use and benefit, such error as to him was cured by the judgment rendered in his favor for two thousand dollars.

Error is predicated upon the fact that the court at the close of the trial stated that the allegations of the complaint were such that while upon the evidence plaintiff was entitled to recover judgment, it could not be given in his favor without amending the complaint; that otherwise judgment must go for defendant. Thereupon plaintiff under protest amended his complaint. Clearly it was optional with plaintiff whether or not he amended and took judgment for two thousand dollars, or in the absence of an amendment to like effect in the answer let judgment other than as confessed therein go for defendant. In no event is he in a position to assert that he was prejudiced by the action of the court.

The complaint alleged that ''Mattie W. Hughes was holding the said property'' as trustee for plaintiff. Other than this mere conclusion of facts pleaded show an ordinary case of conversion of the property which it is alleged she sold for seven thousand five hundred dollars. This allegation is denied. Hence, it devolved upon plaintiff to show what defendant received for the property, and this the court by sufficient evidence found to be the value thereof fixed at two thousand dollars. Assuming that in the broad sense of the term a trust existed, there was no such commingling of goods that entitled plaintiff to the whole purchase price received when as shown the value of the goods was readily ascertainable. As well might it be said that one who sells a hundred head of cattle among which is wrongfully included an animal belonging to his neighbor must on like ground turn over to his neighbor the entire proceeds of sale received for the herd.

The judgment and order are affirmed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.