[Civ. No. 3532. Second Appellate District, Division Two.—July 18, 1922.]

## IMPERIAL VALLEY LONG STAPLE COTTON GROWERS ASSOCIATION (a Corporation), Respondent, v. F. J. DAVIDSON, Appellant.

[1] FACTORS — ADVANCEMENTS — PLEDGE OF GOODS. — Where a factor who has made advancements to his principal makes a pledge of his principal's goods, he must show affirmatively that the pledge was not for more than the amount that the principal owes in order to relieve himself from a charge of conversion.

[2] ID.—CONFUSION OF GOODS—PLEDGE—LACK OF AUTHORITY.—A factor has no right to mix or confuse his principal's goods with that of others and pledge them in a mass along with such other goods.

[3] ID.—ADVANCEMENTS BY FACTOR—ACTION FOR RECOVERY—PLEADING —DELEGATION OF AGENCY—SUFFICIENCY OF ANSWER.—In an action by a factor to recover money alleged to have been advanced to his principal, an affirmative allegation in the answer that the plaintiff converted the defendant's goods is sufficient, in the absence of a special demurrer, to present the issue as to whether the plaintiff delegated its agency as a factor to others.

APPEAL from a judgment of the Superior Court of Imperial County. Phil. D. Swing, Judge. Reversed.

The facts are stated in the opinion of the court.

James L. Allen and Conkling & Brown for Appellant.

J. S. Larew and Dan V. Noland for Respondent.

CRAIG, J.—The defendant, Davidson, delivered to the plaintiff as a factor 145 bales of cotton. As a part of the transaction the plaintiff advanced the sum of $18,406 to defendant. The trial court found that after receiving the cotton "the plaintiff Imperial Valley Long Staple Cotton Growers Association commingled and mixed the said 145 bales of cotton belonging to the defendant with other cot-

---

1. Right of principal to recover property or its value, where pledged by factor without authority, note, Ann. Cas. 1913C, 1290.

3. To what extent advances by a factor creates a debt against the principal, note, 5 L. R. A. (N. S.) 1147.

ton, not being the property of the defendant, F. J. Davidson, but being the property of other persons," and that "prior to the shipment of said cotton by plaintiff for and on behalf of the said defendant. the said plaintiff hypothecated, mortgaged and pledged the same, to various and divers persons, for various and divers sums and amounts." Thereafter the plaintiff shipped the cotton confused with that of other persons to other independent factors in Galveston, Texas, and New Orleans, Louisiana, who sold it for a total sum of $18,634.31. It appears that the plaintiff also paid out for freight, storage, insurance, and handling the cotton an amount found by the court to have been $9,078.94, which finding was probably intended to be for $978.94. Interest on the advances accrued in the sum of $381.19. October 10, 1918, plaintiff demanded payment from Davidson of $1,654.82, which was refused. This action was then instituted. The complaint states a cause of action for money advanced by plaintiff as a factor. The court rendered judgment for the plaintiff for $1,654.82, together with interest at the rate of six per cent per annum from October 10, 1918.

[1]   A factor has authority to insure (subd. 1, sec. 2368, Civ. Code), and he may collect for necessary expenses incurred in protecting or preserving the property as for storage, handling, freight, etc. (25 C. J. 382 and 389), and for interest on advancements made over cash received. (*Heins* v. *Peine,* 29 N. Y. Super. 420; *Howard* v. *Behn and Foster,* 27 Ga. 174.) But the answer alleges that the plaintiff converted the merchandise consigned to it. The common-law rule was well settled that the factor has no authority to pledge his principal's goods (*Wright* v. *Solomon,* 19 Cal. 64 [79 Am. Dec. 96]; *Wisp* v. *Hazard,* 66 Cal. 459 [6 Pac. 91]), and this was so even though the factor has a lien for advances.   (25 C. J. 351; *Benny* v. *Rhodes,* 18 Mo. 147 [59 Am. Dec. 293].)

In *Akron Cereal Co.* v. *First Nat. Bank,* 3 Cal. App. 201 [84 Pac. 780], it is said: "A factor or a mere agent who is in possession of property with power to sell the same has authority to transfer it by way of pledge (Civ. Code, sec. 2368 [2])." This language was used in discussing and construing section 2991 of the Civil Code. The case being considered was one in which the contest was

between the pledgee and the factor's principal. Section 2368 of the Civil Code was not involved except as its provisions might supply an element required in order that the defendant might take advantage of section 2991 of the Civil Code. The court held that in order that the pledgee might claim the benefit of section 2991 of the Civil Code, among other things, it must be shown that the factor's principal had allowed another to assume the apparent ownership of the property in question for the purpose of making any transfer of it, and that under section 2368 of the Civil Code the factor to whom the owner had consigned the goods received such with power to sell or transfer them. As between the principal and the factor the question whether the latter might pledge the goods received by him was not presented nor was its determination necessary to a decision of the case. The language of section 2368 of the Civil Code is not only unambiguous, but is clearly prohibitive against the factor pledging his principal's property. Subdivision 2 of the last-named section, which defines the authority of a factor, reads: "To sell, on credit, anything intrusted to him for sale, except such things as it is contrary to usage to sell on credit; but not to pledge, mortgage, or barter the same." Of course, section 2991 has no application in the instant case. It was designed to protect persons who deal with the factor concerning property in his possession. (*Wisp* v. *Hazard, supra.*)

The opinion in *Wright* v. *Solomon* makes no reference to the authority of a factor to pledge goods of his principal because of having made advancements. In that case the factor, Darling, had pledged the property for his own debt and without having made any advancements. Darling was not a "technical factor," being engaged in other business as well as that of a factor. The court, after an extended consideration of the matter, overruled certain earlier cases which limited the application of the rule that a factor could not pledge to technical factors and held that the same principle applies to all factors. It further determined that the authority to pledge might be inferred from acts and that under certain conditions it must be so inferred, but a careful examination of the case shows that it contains no language even remotely suggesting that a factor might pledge the goods of a principal under any circumstances. This

case also holds that the pledge of property is a special transaction not in the usual course of business and, therefore, outside of the protection extended to ordinary transactions of commerce. It is true that in some jurisdictions the factor is allowed this right to the extent of his advancements, but before exercising it, he must demand from his principal the amount of his charges. (*Merchants' Nat. Bank of Memphis* v. *Trenholm,* 12 Heisk. (Tenn.) 520.) Where, as in the instant case, the factor pledges the goods of his principal, in order to relieve himself from the charge of conversion, he certainly must show affirmatively that the pledge was not for more than the amount that the principal owes. Here there is no finding or proof as to the amount for which the cotton was pledged.

[2] It appears also that plaintiff mixed or confused defendant's cotton with that of others and pledged it in a mass along with such other cotton. The general rule is that a factor has no right to do this. (25 C. J. 364.) If custom and usage justify such a course it would be necessary to introduce evidence to prove that fact as any other. This was not done in the instant case.

[3] Counsel for appellant contends that the court erred in not finding that the plaintiff delegated its agency as a factor to other brokers. It is claimed that such was the fact and that such action constituted a conversion. Subdivision 3, section 2368 of the Civil Code, expressly prohibits the delegations of the factor's authority "to any person in an independent employment." This was the general rule at common law. (25 C. J. 348.) However, plaintiff insists that the pleadings as they are framed do not present an issue on this point and that, therefore, no finding concerning the delegation of authority was necessary. The answer alleges affirmatively that the plaintiff converted the cotton. Such an allegation sufficiently presents the issue in the absence of special demurrer. (*Lowe* v. *Ozmun,* 137 Cal. 257 [70 Pac. 87].) Hence a finding was necessitated upon any facts concerning which substantial evidence was introduced and which, if believed by the trial court, would have supported the allegation of conversion. Evidence was presented that the plaintiff delegated its authority to independent brokers. If such evidence had been accepted as true by the trial court, this would have established a con-

version. (Subd. 3, sec. 2368, Civ. Code; 25 C. J. 348.) However, the plaintiff alleged in its complaint that the defendant authorized it to sell the cotton as it did. If true this would relieve it of the charge of conversion, but the court made no finding upon this matter.

We conclude, therefore, that the plaintiff converted the property of the defendant. This being so, the defendant was within his right in setting up that fact as a defense which he did in his answer. The findings do not indicate just what part of the amount for which judgment was rendered was advanced before and what part after the conversion took place. The association would be entitled to be reimbursed for money properly advanced or expended prior to the conversion.

Judgment reversed.

Finlayson, P. J., and Works, J., concurred.