In re AINSWORTH.
. No. 488.

District Court, S. D. Texas, Brownsville Division.
Nov. 29, 1933.

See, also, 5 F. Supp. 523.

H. B. Galbraith, B. N. Goodrich, and Oscar C. Dancy, all of Brownsville, Tex., for claimant, Walker-Craig Co.

B. M. Freudenstein, trustee, in pro. per.

KENNERLY, District Judge.

Walker-Craig Company (hereinafter called creditor) are here on briefs of their counsel, complaining of an order (not sent up) of a referee in bankruptcy, dated October 20, 1933, with respect to their claim against this estate. No petition for review such as is required by Supreme Court General Order 27 (11 USCA § 53)[1] appears to have been filed, but creditor delivered to the referee a paper excepting to the ruling of the referee, and giving notice of appeal to the judge of the court. The referee did not file

[1] Supreme Court General Order 27 is as follows:
"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

the paper, but both he and the trustee waived "Notice of Appeal." [2]

The referee transmits findings of fact and conclusions of law. These have not been filed by the clerk, but were doubtless intended by the referee to meet the requirements of General Order 27 that the referee "certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

1. There is first presented the question of whether the judge of the court has, by these proceedings, acquired jurisdiction to review the referee's order complained of. That a mere exception to, and notice of appeal from, a referee's order does not confer such jurisdiction is clear. The proceedings will be dismissed.

2. Since no petition to review has been filed, and that justice may be done, creditor should not be precluded by this dismissal from seasonably filing such petition. Creditor may do so if filed within five days.

Let an order be presented accordingly.

---

[2] This paper is as follows: "Comes now, Walker-Craig Company, claimants in the above entitled and numbered cause, and excepts to the rulings of the Honorable Ira Webster, Referee in Bankruptcy, heretofore handed down on the 20th day of October, A. D. 1933, and gives Notice of Appeal to the Honorable District Judge of the United States for the Southern District of Texas, Brownsville Division.

"This the 28th day of October, A. D. 1933.

"Walker-Craig Company,

"By [Signed] H. B. Galbraith, B. N. Goodrich, Oscar C. Dancy, attorneys.

"Notice of Appeal in the above cause hereby waived, this October 28th, A. D. 1933.

"[Signed] Ira Webster, Referee in Bankruptcy.

"[Signed] B. M. Freudenstein, Trustee in Bankruptcy of J. W. Ainsworth, Bankrupt."

