## In re AINSWORTH.
### No. 488.

District Court, S. D. Texas, Brownsville Division.

Dec. 11, 1933.

H. B. Galbraith, B. N. Goodrich, and Oscar C. Dancy, all of Brownsville, Tex., for claimant, Walker-Craig Co.

B. M. Freudenstein, trustee, in pro. per.

**KENNERLY, District Judge.**

This is the petition of Walker-Craig Company, a creditor of this estate, to review an order of a referee in bankruptcy, refusing to allow creditor's claim as secured, and allowing it only as unsecured. The matter was previously before the court. (D. C.) 5 F. Supp. 522.

The petition to review does not bear the file marks of the referee, but the record otherwise shows it to have been filed with him December 1, 1933, and within the five days heretofore allowed. (D. C.) 5 F. Supp. 522.

The referee certifies the question presented by the petition for review,[1] and transmits "Findings of Fact and Conclusions of Law." [2]

The petition for review is very general. In aid thereof, petitioner refers to certain

859.58 with interest at the rate of 8 per cent per annum from date.

"Later, and before said note had been paid, the mortgagor, I. W. August, closed his place of business and departed.

"The said J. C. Bennett did not then, nor has he as yet foreclosed his lien on the said fixtures.

"On the 5th day of December, A. D. 1930, the said J. C. Bennett transferred and assigned his lien on the said fixtures to Ainsworth and Colgin in consideration of their note dated December 5th, 1930, in the principal sum of $2,700.00 and the said J. C. Bennett assigned his lien on said fixtures to Ainsworth and Colgin, the said assignment reading in part as follows:

" 'Now, therefore, in consideration of the execution and delivery by the parties of the Second Part (Ainsworth and Colgin) to the Party of the First Part (J. C. Bennett) of their promissory note, dated at Brownsville, Texas, December 5, 1930, in the principal sum of $2,700.00, payable in equal monthly installments of $150.00 each, bearing interest at the rate of 8 per cent per annum, executed and delivered to the Party of the First Part, the receipt of which is hereby acknowledged and confessed, Party of the First Part does hereby assign, transfer and sell to Parties of the Second Part or their assigns the said note herein referred to secured by the said chattel mortgage; said Party of the First Part does hereby assign, transfer, and set over to the said Parties of the Second Part and their assigns; all his right, title, lien, and interest to the property in said chattel mortgage mentioned and described, as well as such chattel mortgage and all the rights, liens and powers under same to, which the Party of the First Part is entitled and empowered, providing, however, that the Party of the First Part hereby reserves a lien upon the said fixtures to secure the payment of the said note of $2,700.00.'

"The note executed by Ainsworth and Colgin to J. C. Bennett bears the following endorsement:
" 'Pay to the order of Walker-Craig Company
" '[Signed] J. C. Bennett.'

"J. W. Ainsworth, doing business under the firm name of Ainsworth and Colgin, was adjudicated a bankrupt on April 18th, 1933. On May 10th, 1933, Walker-Craig filed a Proof of Claim in the sum of $1,266.46, the consideration of said debt being, 'Balance due on note dated December 5th, 1930, secured by Chattel Mortgage and three (3) notes as collateral.'

"On August 8th, 1933, B. M. Freudenstein, the trustee herein, filed objections to the allowance of the said claim of Walker-Craig Company as a secured claim.

"At a hearing on August 21st, 1933, set for the purpose of determining the validity of the purported Chattel Mortgage held by Walker-Craig Company, the following testimony was introduced:

"1. That J. C. Bennett was acting at all times for Walker-Craig Company;

"2. That it was the intent of Walker-Craig Company to retain, and the intent of J. W. Ainsworth to give a lien upon the said fixtures;

"3. No proceedings had been instituted nor effort made to foreclose the Chattel Mortgage given by I. W. August to J. C. Bennett on the 13th day of February, A. D. 1930.

"Conclusions of Law.

"1. The Referee is of the opinion that title to the fixtures in question was vested in I. W. August;

"2. That neither J. C. Bennett nor J. W. Ainsworth had any such title to the fixtures as would afford a basis for the execution of a lien thereon;

"3. In order to have capacity to create a lien on property, the party attempting to give such lien must have some character of title thereto.

"When J. C. Bennett, acting for Walker-Craig

---

[1] The referee's certificate is as follows:

"I, Ira Webster, one of the Referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings: Whether or not a creditor holding a lien upon fixtures and equipment of a grocery store could by assignment convey said lien to a purchaser, who afterwards filed his voluntary petition in bankruptcy, and retain a lien on said property. Title to said property having remained in the person executing lien, he never having been divested of such title by foreclosure proceedings or otherwise.

"Brief Summary of Evidence.

"It is shown by the evidence and conceded by all parties concerned, that the subsequent bankrupt to whom the said chattel mortgage was conveyed by assignment, was willing that the creditor making such assignment of chattel mortgage might retain a lien on said property and left it to the holder of said chattel mortgage lien to prepare such papers as might be necessary to complete the transaction.

"It is conceded by the Trustee and by the Referee that the transaction was such as to sustain an equitable lien between the assignor and assignee of said original chattel mortgage lien, if they held such title as would enable them to execute a valid lien upon said property.

"Findings of the Referee.

"The Referee found, and so held, that the creditor, although holding a valid chattel mortgage lien on the fixtures and equipment aforesaid, had no such title in and to the property as would enable him to retain a lien on said property after assigning to another all of its right, title and interest in and to said lien and conveyed no such title in and to the property to the assignee of said lien as would enable the assignee to execute in favor of the assignor a valid lien on said property.

"The order of the Referee is attached hereto and asked to be considered as a part of this certificate.

"Upon petition of the attorneys for the creditors above referred to as assignor of said chattel mortgage lien asking that the finding and ruling of the Referee be sent up to his honor, Judge of the District Court of the United States for the Southern District of Texas, for his opinion thereon and the matter is hereby so certified.

"Dated at Brownsville, Texas, this 2nd day of December, A. D. 1933."

[2] The referee's findings of fact and conclusions of law are as follows:

"Findings of Facts.

"On the 13th day of February, A. D. 1930, one I. W. August executed to J. C. Bennett a Chattel Mortgage, covering certain grocery store fixtures and equipment, and a note in the principal sum of $3,-

briefs filed with the referee.[3] The briefs have been sent up and consist of a number of type-written pages, citing cases and discussing various questions of law and fact. There has also been sent up:

(a) Certified copy of chattel mortgage from I. W. August to J. C. Bennett, dated February 13, 1930, covering certain personal property (on which creditor is claiming a lien) to secure August's note for $3,859.58 of that date to Bennett, bearing interest and providing for attorney's fees.

(b) Certified copy of an assignment of such $3,859.58 note and mortgage, from Bennett (as party of first part) to Ainsworth & Colgin (as parties of second part). The consideration to Bennett for such assignment, as expressed therein, is Ainsworth & Colgin's note for $2,700, dated December 5, 1930, bearing interest, etc., payable to J. C. Bennett, in monthly installments of $150 each. In the assignment, Bennett reserves a lien to secure the $2,700 note in the following language: "Providing however, that the Party of the First Part hereby reserves a lien upon the said fixtures to secure the payment of the said note of $2,700.00."

The $2,700 note was indorsed over to creditor (Walker-Craig Company) by Bennett.

(c) Copy of a lien, dated September 16, 1932, from Ainsworth & Colgin to creditor, covering three notes executed to Ainsworth & Colgin by G. C. Ellis, A. S. Lanier, and L. J. Schmidt, respectively, to secure the indebtedness of Ainsworth & Colgin to creditor. There are other copies of documents having reference to these three notes.

Creditor's claim, filed with the referee, is substantially in the form prescribed by the Supreme Court, and is for a balance of $1,266.46, claimed to be owing on the $2,700 note. The claim of security is in the following language: "That the consideration of said debt is balance due on note dated Dec 5–1930—secured by Chattel Mortgage and three notes as collateral."

There is among the papers sent up a written objection by the trustee to creditor's claim. Such objection does not bear the file marks of the referee, but presumably it was filed with him. It contains this language: "Your petitioner objects to the allowance of the claim of the said Walker-Craig Company herein as a secured claim upon the ground that the said claimant, Walker-Craig Company, is not vested with the Chattel Mortgage heretofore referred to."

The question before the referee and the question sought to be raised here is whether creditor, as set forth in its claim, has a lien on the personal property described in the chattel mortgage, dated February 13, 1930, from August to Bennett.

1. While it is contemplated by the Bankruptcy Act and amendments (11 USCA) and the General Orders in Bankruptcy (11 USCA § 53) that petitions to review proceedings before a referee shall be filed with the referee, and the file marks and date of filing placed thereon by him, jurisdiction to review such proceedings is conferred upon the judge of the court, if a petition in proper form is delivered to the referee for filing, and treated as filed by him. In re Wood (C. C. A.) 248 F. 246, 248.

2. Where as here the trustee's objection to a claim has been delivered to the referee, and no file marks or date of filing placed thereon, but it has been treated as duly filed by the referee and all parties, it will be so treated by the court.

3. Notwithstanding this view, referees, to preserve the rights of creditors and others, and in the interest of orderly administration, should place the file marks and date of filing on all papers filed with them under the Bankruptcy Act.

---

Company, executed the assignment of lien, said assignment conveyed to J. W. Ainsworth all of the right held by Walker-Craig Company or J. C. Bennett which was a lien only; and conveyed to the said Ainsworth nothing more than a lien; hence, neither of the parties to the transaction had the capacity to create a lien as between Walker-Craig Company or J. C. Bennett and J. W. Ainsworth.

"The undersigned Referee, therefore, holds that neither Walker-Craig Company nor J. C. Bennett hold a valid lien as against said fixtures and equipment."

[3] The petition for review is as follows:

"That your petitioner is a creditor of J. W. Ainsworth, the above named bankrupt, and that its claim has been allowed as a general claim, but .denied as being secured by a chattel mortgage on fixtures and equipment as asserted in petitioner's claim filed herein.

"That on the 20th day of October, 1933, an order, a copy of which is hereto annexed, was made and entered herein.

"That such order was and is erroneous in that it denied your petitioner's claim as a secured claim in so far as being secured, by a chattel mortgage lien on the fixtures and equipment used in the grocery store of the said J. W. Ainsworth, bankrupt.

"Reference is here made to briefs filed with the Referee on behalf of petitioner, one of said briefs filed before the Referee's ruling on the claim, and the other afterwards.

"Wherefore, your petitioner feeling aggrieved because of such order, and prays that the same may be reviewed as provided in Bankrupt Law of 1898, and General Order XXVII. Dated December 1, 1933."

4. Petitions to review proceedings before a referee may not be aided by references therein to briefs on file, either with the referee or clerk. It is not contemplated by the Bankruptcy Act that the court shall search through many pages of briefs to discover the issue or question sought to be raised and presented by the petition for review.

5. The petition for review here states the questions sought to be raised and presented in this language: "That such order was and is erroneous in that it denied your petitioner's claim as a secured claim in so far as being secured, by a chattel mortgage lien on the fixtures and equipment used in the grocery store of the said J. W. Ainsworth, bankrupt."

Under this wording, the conclusions of the referee on the law with respect to this particular question may be reviewed, but not his findings of fact thereon.

6. When Bennett assigned the $3,859.58 note, secured by such chattel mortgage, to Ainsworth & Colgin, in consideration of their $2,700 note to him, he retained a lien against the property described in such chattel mortgage to secure the payment of such $2,700 note. Subsequently, the $2,700 note was transferred by Bennett to creditor. Such transfer of the note carried with it to creditor the lien so retained by Bennett. It is the unpaid balance of $1,266.46 of the $2,700 note and such lien that creditor is presenting here. No rights of lien creditors or of third persons being involved, the issue being between creditor, upon the one hand, and the bankrupt and his trustee, upon the other hand, unaffected by the Texas Registration Laws, it is clear that creditor has a valid lien which equity will protect.

The referee should have allowed creditor's claim as a lien against such property as well as against the three notes of Ellis, Lanier, and Schmidt. And after so doing, should have allowed creditor to proceed in some appropriate manner, either in the bankruptcy court or elsewhere, to subject such property to his lien, saving to general creditors the excess, if any, in the value of such property, over and above creditor's claim.

The order of the referee will be reversed, and the matter sent back to him for proceedings not inconsistent with the views herein expressed.

Let an order be drawn and presented accordingly.