**In the Matter of Russell Vincent EDWARDS, Bankrupt.**
**No. 15510.**

United States District Court
N. D. California, N. D.
June 24, 1958.

936

Joseph F. Aleck, Jr., Redding, Cal., for petitioner.

Milton Maxwell Newmark, San Francisco, Cal., for respondent-trustee.

HALBERT, District Judge.

Russell V. Edwards, doing business as the R & H Battery Co., was adjudged a bankrupt on a voluntary petition filed April 19, 1956, and received his discharge on October 9, 1956. The petitioner, Nic-L-Silver Battery Co., a supplier of the bankrupt's, delivered batteries on an open account and also pursuant to a series of consignment contracts. Petitioner asserts that certain batteries found in the bankrupt's possession were those which had been delivered on consignment and thus remained the property of petitioner, whereas the trustee declares that there was a loss of identity of the goods which resulted in title passing to the trustee, and that petitioner may share in the assets of the estate as a general creditor only.

Referee Hughes of this Court sustained the trustee's position in a turnover order dated May 14, 1957, whereupon petitioner filed its petition for review (Bankr.Act, § 39, sub. c, 11 U.S.C.A. § 67, sub. c). The referee certified his records and findings to this Court (Bankr. Act, § 39, sub. a(8)), whose jurisdiction is found in § 2, sub. a(10) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(10).

█ The petition for review presents an ollapodrida of allegations which do not deserve and which will not receive detailed consideration (In re Ainsworth, D.C., 5 F.Supp. 523). As here relevant, petitioner asks this Court to either reverse the referee's conclusion of law, or to remand the cause for another full hearing in order that a stenographic transcript may be had of the proceedings.

The undisputed facts contained in the referee's records and the pleadings of the parties show that petitioner sold batteries to the bankrupt on open account, and also delivered them under consignment contracts. The controversy concerns only those supplied pursuant to said contracts. In these contracts the batteries were but generally described as to quantity and type. It was, however, provided that petitioner would endorse

payments made for consigned batteries on the face of the contract, and that the bankrupt, upon the sale of such batteries, would remit to petitioner the purchase price thereof.

It appears that in practice the bankrupt neither remitted the amount due as consigned batteries were sold, nor did petitioner endorse payments subsequently made on the face of the contracts. In addition, the bankrupt commingled all batteries in his stock, regardless of their source of ownership, with the knowledge and consent of petitioner. As the batteries were not marked in any fashion, it was impossible for the bankrupt to ascertain with exactitude which batteries were covered by the consignment contracts. While petitioner did keep records showing how many batteries had been shipped on consignment, the bankrupt kept but one set of books in which no such distinction was maintained.

Shortly after the adjudication of bankruptcy, petitioner took inventory of the bankrupt's stock and found that the value of the batteries therein was less than the amount due under the consignment contracts. In the belief that its rights as consignor were superior to those of the trustee in bankruptcy (Budd v. Hughes, 176 Cal. 687, 171 P. 287; Ludvigh v. American Woolen Co., 231 U.S. 522, 34 S.Ct. 161, 58 L.Ed. 345; and In re King, 9 Cir., 262 F. 318), petitioner took the batteries on hand into its custody and control.

■ As the efficacy of a consignment contract, under this set of facts, will involve a determination of substantive rights, the law of California is applicable (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188).

■ Had the batteries in question been serially marked or otherwise rendered capable of identification, petitioner would be entitled, as consignor, to all those which could be identified (Budd v. Hughes, supra; and French v. Robbins, 172 Cal. 670, 158 P. 188), for a factor has no right to mix or confuse his goods with those of his consignor (Imperial Valley etc. Ass'n v. Davidson, 58 Cal.App. 551, 209 P. 58). Here, however, the batteries were commingled with the consent of the consignor. While admitting that none of the batteries can be specifically identified, petitioner contends that since they were shipped on a consignment basis a fund exists, the extent of which is determined by the books of the consignor.

■ Were the rights of creditors not involved, petitioner's title would have been converted into that of ownership in common (Arnold v. Producers' Fruit Co., 128 Cal. 637, 61 P. 283), each co-owner being required to bear his pro rata share of any loss which might accrue to the common property (Horr v. Barker, 11 Cal. 393).

However, the issue is not the relationship of petitioner and the bankrupt *inter se,* for petitioner is seeking to withhold goods from the trustee in bankruptcy who here represents the unsecured creditors of the bankrupt. Since each removal of a battery from the common stock, by the bankrupt, changed the proportionate interest of petitioner, neither a fund, nor an entity (c.f.: Byrne v. McGrath, 130 Cal. 316, 62 P. 559) can be held to exist.

■ While no reported California case is conclusive of this point, the underlying principle of analogous decisions is that, while no one should be made to suffer a loss where avoidable, one guilty of a negligent act should not be permitted to gain an advantage from his own wrong, nor should a wholly innocent party have to suffer a loss because of it (Gunter v. Janes, 9 Cal. 643; and Graham v. Plate, 40 Cal. 593).

■■ As petitioner consented to the commingling of the bankrupt's stock with consigned batteries, making it impossible to differentiate the two, the proper rule of law was applied by Referee Hughes in granting the turnover order noted above. Succinctly stated, this rule is: a consignment contract retains title only to specific identifiable articles, and not to unidentifiable articles or the

money value of consigned goods delivered and not paid for.

No useful purpose would be served by granting petitioner's request that this case be remanded so that a stenographic record may be made of the new hearing. Petitioner had the opportunity to have a stenographer present at the original hearing, and having failed to do so, it cannot now be heard to complain of its own inaction in that regard. Viewed realistically, it would appear that petitioner merely wants a new hearing for the sake of securing "another bite out of the same apple." The truth of the matter is that the record before the Court is entirely adequate (In re Shiff, D.C., 36 F.Supp. 355; and In re Louis, 37 A.B.R.,N.S., 79), and another hearing could only result in the introduction of cumulative evidence, which would not change the legal result (In re Massa, 2 Cir., 133 F.2d 191; and In re Pearlman, 2 Cir., 16 F.2d 20).

It is, therefore, ordered that the turnover ordered dated May 14, 1957, entered by the Referee in this proceeding, the review of which is sought by petitioner, be, and the same is, hereby approved and confirmed.